Joseph HOUSTON, Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 983S342.

Supreme Court of Indiana.

July 18, 1985.

Rehearing Denied Oct. 1, 1985.

Susan K. Carpenter, Public Defender, David Swinford, Deputy Public Defender, Indianapolis, for appellant (petitioner below).

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee (respondent below).

DeBRULER, Justice.

The petitioner-appellant, Joseph Houston, is before this Court appealing from the denial of his petition for post-conviction relief. He was charged initially with burglary, a class A felony, Ind.Code § 35–43–2–1 (Burns 1985 Repl.). Pursuant to a plea bargain agreement he pleaded guilty to class B burglary and was sentenced to the Indiana Department of Correction for a term of fifteen years. The sole issue presented in this appeal from denial of post-conviction relief is whether the trial court erred by failing specifically to advise appellant of any possible increased sentence based upon his prior criminal conviction.

Appellant claims that at his guilty plea hearing in June, 1978, he was not specifically advised of the possibility that his sentence could be enhanced based upon a prior conviction. He maintains that the trial court not only failed to so advise him, but that the trial court relied on his prior conviction to increase the presumptive sentence of ten years to a fifteen-year, enhanced sentence. Appellant seeks to have his conviction and sentence set aside or, alternatively, to withdraw his guilty plea.

■ Strict compliance with Ind.Code § 35–35–1–2 (Burns 1985 Repl.) necessitates that the trial court advise defendants of any possible increased sentence based upon a prior conviction. *German v. State*

(1981), Ind., 428 N.E.2d 234. Pre-*German* cases are evaluated by the *Neeley* standard whereby we look to the entire record to determine whether appellant was informed that his sentence could be enhanced by virtue of his prior conviction. *Williams v. State* (1984), Ind., 468 N.E.2d 1036; *Neeley v. State* (1978), 269 Ind. 588, 382 N.E.2d 714. Moreover, the trial court need not use the statutory language when advising of the potential adverse sentencing effects resulting from a defendant's prior conviction, provided that the essence of this statutory advisement is conveyed to defendant. *Lowe v. State* (1983), Ind., 455 N.E.2d 1126. This case is governed by the *Neeley* standard.

■ These are the facts pertinent to this issue. At appellant's guilty plea hearing, appellant admitted to the trial court that he had previously been convicted of a felony. Appellant understood that because of his prior conviction the sentence in this case could not be suspended. Since appellant was currently on parole, the trial court explained that his present plea and conviction could adversely affect his parole status. In addition, appellant's plea bargain agreement provided that in exchange for appellant's guilty plea the State would reduce the charged class A felony to a class B felony and recommend a fifteen-year term of imprisonment. Appellant also stipulated to the existence of aggravating factors included within appellant's presentence report, apparently to relieve the judge of the necessity to find a discrete basis for sentence enhancement. At appellant's sentencing hearing the trial court concluded that an enhanced sentence was necessary because the aggravating factors outweighed the sole mitigating circumstance. The trial court found appellant's history of criminal activity to be one of the aggravating circumstances. Appellant accepted the court's sentence pronouncement, which was at least partially based upon appellant's prior criminal acts, without any objection or other response which would have indicated surprise. The formal discourse between appellant and the court,

when considered in light of these several related events revealed by the record as a whole, is sufficient to warrant the inference that appellant was duly informed before pleading guilty of this aggravating circumstance and the potential adverse effect which it could have on the length of his sentence. The trial court's denial of post-conviction relief is affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.