Thomas FLOWERS, Appellant,

v.

STATE of Indiana, Appellee.

No. 383S104.

Supreme Court of Indiana.

Aug. 2, 1985.

Susan K. Carpenter, Public Defender, C.H. Gardner, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Thomas Flowers was convicted in a trial by jury on four counts, namely burglary, I.C. § 35–43–2–1, and attempting to commit three felonies, I.C. § 35–41–5–1, namely murder, rape, and robbery, I.C. § 35–42–1–1, I.C. § 35–42–4–1, and I.C. § 35–42–5–1, respectively, all class A felonies. He received an augmented sentence of fifty (50) years for attempted murder, and presumptive sentences of thirty (30) years each on the remaining three convictions, to run concurrently with one another, but consecutive to the fifty (50) year sentence for attempted murder, for a total time of eighty (80) years. Appellant was seventeen years and nine months old, stabbed the unarmed victim seven times and hit her on the head with a heavy item, and had a lengthy history of unlawful conduct and confrontations with law enforcement officials shown by eight adjudications of delinquency and four pending felony counts including one for burglary of a dwelling.

In this direct appeal the claims of error are related to court rulings on the following matters: (1) a petition to recuse the prosecutor, (2) admission of a confession, (3) presumption of innocence instructions, (4) defense of intoxication instructions, (5) lesser included offense instructions, (6) admission of prior consistent statements, (7) physical restraints of appellant's person, (8) sufficiency of evidence, (9) double punishment, (10) comment upon silence, and (11) restriction upon the right to counsel.

The proof at trial supporting guilt showed that the prosecutrix Robin Briggs had been acquainted with appellant's family for several years. She had met him specifically the month before when he was employed by her husband. She was awakened in the early morning hours by someone pulling at her bed covers. She recognized appellant, and having locked her doors before retiring, asked him what he was doing there. Appellant switched on the light and said he needed a note from her regarding his employment. He then asked for money and she told him she didn't have any. He then left the room.

Appellant returned, and he was then naked from the waist up, and had his pants unzipped. He asked again for money and she said for him to take the five dollars in her purse. He had a paring knife and moved both hands to his belt buckle. He tugged on the sheets again, whereupon she asked him what he was doing and he replied, "You know." When she replied, "No," he attacked, stabbing and striking her.

Appellant testified that he had no recollection of the attack, and had been drinking, smoking marijuana, and taking drugs. Briggs, on the other hand, testified that he was able to maneuver through the articles in the house, and while his movements were slow and his speech irregular, that was normal for him.

I

Appellant first claims that the trial court erred in denying his petition to recuse the prosecutor and staff, for the reason that the prosecutor had previously represented him as public defender. A non-specific affidavit by appellant that representation had existed was attached to the petition. The prosecutor responded with a pleading that he had no recollection of having represented appellant and that no court records could be located which showed such representation. A hearing was held and the petition denied. The hearing was not reported.

In *State v. Tippecanoe County Court* (1982), Ind., 432 N.E.2d 1377, this Court held:

"The precepts of professional ethics forbid the participation of a lawyer in the prosecution of a criminal case if by rea-

son of his professional relation with the accused, he has acquired knowledge of facts upon which the prosecution is predicated or which are closely interwoven therewith."

Assuming without concluding, that the fact of prior representation of appellant by the prosecutor was established, we nevertheless would hold that this record provides no basis upon which to conclude that the present and prior cases were closely related, or that the prosecutor's knowledge gained in the course of that representation would actually result in prejudice to appellant to the slightest degree. Appellant has not sustained his burden on appeal to show error in this ruling of the trial.

## II

Appellant next claims that his oral confession was erroneously admitted at trial. A hearing was held upon a defense motion to suppress the confession, and the motion was then denied with findings of fact by the court. The court concluded that the safeguards for the privilege against self-incrimination erected by *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, *Lewis v. State* (1972), 259 Ind. 431, 288 N.E.2d 138, and I.C. § 31–6–7–3, did not apply to the circumstances of this confession.

■ At the time the confession was given, appellant was a juvenile and under arrest and in custody for the attack upon Robin Briggs. He was being treated for a gun shot wound while being confined in a hospital room under armed guard. Shortly after midnight, while under sedation, and sleepy, he observed that he was being guarded by Patrolman Barry G. Richard, with whom he had been acquainted through Boy's Club activities for about eight years. Appellant looked up and spoke first, saying "Barry." Both then spoke about their respective families. Appellant then displayed some pain and spoke about his wound. Without any questioning at this point by Patrolman Richard, appellant described the incidents leading up to his shooting, and then described his attack upon the woman. He offered that he went there to get money from her and stabbed her. He added in apparent justification that he had had "hits of acid" and had drunk a quart of whiskey, and was in need of mental help. None of the warnings or procedures mandated by the *Miranda* or *Lewis* cases or our statute, were given before the statement. There is nothing to be found in these circumstances, when viewed from appellant's standpoint, as he rested there in the hospital bed, upon which a court could infer that the patrolman's words of actions were or could have been received or perceived as urging or even desiring an incriminating response. There was therefore no interrogation and no occasion for the application of protective measures for the privilege against self-incrimination. Cf. *Rhode Island v. Innis* (1980), 446 U.S. 291, 100 S.Ct. 1682, 6 L.Ed.2d 297. A statement such as this which is spontaneously volunteered and not the product of interrogation is admissible, even though the accused was in custody at the time it was made. *New v. State* (1970), 254 Ind. 307, 259 N.E.2d 696. There is, furthermore, no evidence from which to infer that appellant was motivated to make his statement by the speech or actions of officials, or that the statement was other than voluntary. There was not error in the admission of appellant's confession.

## III

■ The trial court refused appellant's tendered instructions one and two. They related to the presumption of innocence and the manner of weighing evidence in light of the presumption. In reviewing the denial of tendered instructions the Court must consider: (1) whether the tendered instruction correctly states the law; (2) whether the evidence supports the instruction; and (3) whether other instructions have adequately covered the substance of the tendered instruction. *Davis v. State* (1976), 265 Ind. 476, 355 N.E.2d 836.

■ The trial court gave its own Preliminary Instruction 6, 7, and 8 which dealt with the proper manner of receiving the

information or indictment, the presumption of innocence, including its operation as a constant check upon proof tending to show guilt, and the burden of proof beyond a reasonable doubt, respectively. The instructions given did address the manner of weighing evidence in light of the presumption, contrary to appellant's complaint that such matter was absent or inadequately expressed.

## IV

Defense counsel tendered two instructions defining and applying the defense of intoxication. They were refused. The trial court did give two final instructions upon the defense of intoxication. Appellant argues that the court's instructions did not include "... the State's continuing burden to prove the necessary intent beyond a reasonable doubt" as had been addressed in his tendered instructions, and that the court's instructions inferred "that the burden is on the defendant." A comparison of the court's instruction with those of the defense, tendered and refused, has resulted in the conclusion that the court's instructions on intoxication, when considered along with the instructions on the burden of proof, are the functional equivalent of appellant's tendered instructions on the same matter. Such comparison has likewise revealed no support for any inference that the defendant carried a burden. The substance of the tendered instructions was covered in the court's instruction. Therefore the refusal of the tendered instruction was not error. *Davis v. State, supra.*

## V

■ Appellant sought and was refused an instruction defining the offense of criminal recklessness and specifying it as a lesser and included offense. In *Humes v. State* (1981), Ind., 426 N.E.2d 379, this court held that recklessness was not a lesser and included offense of attempted murder, in that it failed the first part of the two-step analysis required by *Lawrence v. State* (1978), 268 Ind. 330, 375 N.E.2d 208. The court held that the intentional or know-

ing state of mind is separate in kind from the reckless state of mind, and that proof of the former would not necessarily constitute proof of the latter. Appellant argues that the proof of intoxication at trial rendered recklessness an included offense. This argument cannot succeed, since proof is irrelevant to application of the first part of the said legal test. Furthermore, proof of intoxication cannot be permitted to alter the fixed and stated basis for criminal culpability upon which the charge is predicated.

## VI

■ At trial, Robin Briggs testified as a witness. The trial court permitted several of her prior consistent statements to be introduced at trial over defense objections. They were admitted into evidence during the redirect examination of Briggs. One prong of the objection was that the statements were hearsay. However, Briggs not only made the statement, but she was also available for cross-examination. *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482. Another prong of the objection was that the statements were being proferred as mere substitutes for available in-court testimony, contrary to this court's ruling in *Samuels v. State* (1978), 267 Ind. 676, 372 N.E.2d 1186. Briggs' direct testimony was substantially similar to her prior consistent statements. Since she testified before the statements were introduced, the statements were not used as mere substitutes. The third prong of the objection was that these statements merely repeated the court testimony and were therefore prejudicial. During Briggs' cross-examination, defense counsel frequently referred to the several instances wherein she had described her attack to the police and prosecutor. In so doing defense counsel sought to raise the inference that she had been guided in the process and had varied in those different versions. The statements themselves became admissible during redirect examination to meet such inference. This is within the scope of classic redirect examination.

## VII

The crux of appellant's next claim is that two jurors observed him in irons during the course of the trial, and that this improper view was highly prejudicial and should have resulted in the sustaining of appellant's motion for mistrial. A hearing was held on the motion, and the fact established that one of the two jurors had seen him, while the other had not. The trial court admonished both jurors, and permitted the trial to continue.

The general rule is that under ordinary circumstances freedom from handcuffs and irons of the accused at a criminal trial is a requisite of a fair and impartial jury trial. *Jessup v. State* (1971), 256 Ind. 409, 269 N.E.2d 374. Restraints at trial, are permissible if necessary to prevent injury or escape, or to maintain a peaceable trial. *Randall v. State* (1983), Ind., 455 N.E.2d 916. In the case before us, only one juror observed appellant while restrained. There is no indication that the other jurors had a like experience, or that appellant was restrained at any time during the conduct of the trial. The one juror was duly admonished. In this situation the potential for prejudice was minimal. The fairness and impartiality of the trial was not in jeopardy on this basis.

## VIII

Appellant next challenges the sufficiency of evidence to support his four convictions. It is contended that there was insufficient evidence that he took a substantial step toward rape, that he took a substantial step toward robbery, that he used a deadly weapon in the process, and that he had the requisite intent, in light of the evidence of voluntary intoxication, required by all four charges. In determining these questions we do not weigh the evidence nor resolve questions of credibility, but look to the evidence and reasonable inferences therefrom which support the verdicts. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State* (1970), 253 Ind. 536, 255 N.E.2d 657.

The inference of a substantial step toward rape and the inference of the intent to rape rather than to engage in some other form of sexual contact, is amply supported by the approach to a woman in bed, the attempt to uncover her person, the removal of his upper clothing, the readiness of his hands at his belt buckle, the response of "You know" to her inquiry, and ultimately the stabbing. The inference of a substantial step toward robbery is supported by this same evidence taken in conjunction with the demand for money. During each of these events, appellant was armed with and displayed a knife. This was sufficient to support the deadly weapon element. And finally the inference of capacity to form criminal intent was supported by the testimony of Briggs that appellant was able to maneuver successfully about the articles in the house, to repeat his cover story, to know where he was, and that his movements and speech were normal for him. A roomer upstairs in the same house added that she heard screams from downstairs where Briggs lived, heard the door bang, and observed a person meeting appellant's description run from the house wearing a shirt or jacket. The evidence was such that a rational trier of fact could have inferred the existence of each of the challenged elements to a certainty beyond a reasonable doubt.

## IX

Appellant next claims that each of his four sentences are based upon the same conduct, namely the multiple stabbing and striking of Briggs, and as a consequence rights safeguarded by the double jeopardy provisions of the state and federal constitutions are infringed. In each of the charges Briggs was the victim, and her injury from the stabbing and striking was alleged. In addition to the conviction and fifty year sentence for the attempted murder of Briggs, appellant was convicted as well of burglary and attempted rape wherein the same bodily injury to Briggs by the stab-

bing were alleged to be and in fact did constitute the sole efficient basis upon which the sentences for those two offenses were raised in level from class B felonies to class A felonies. Also in addition, appellant was convicted of attempted robbery wherein the same bodily injury to Briggs by the stabbing was alleged to be and in fact did constitute the sole efficient basis upon which the sentence for that offense was elevated from the class C felony level to the class A felony level.

In *Bevill v. State* (1985), Ind., 472 N.E.2d 1247, this Court held in these same circumstances, analogizing to the rule preventing multiple penalties for felony-murder and intentional murder that where there is an attempted murder conviction based upon injuries resulting from "only one quick and confined multiple stabbing", a burglary occurring in the same episode could not be elevated consistent with double jeopardy proscriptions to the class A level based solely upon the same injuries. Here that same prohibited elevation occurs in three rather than one crime committed in the same episode. Consequently, appellant's convictions and sentences for class A Burglary, class A attempted rape, and class A attempted robbery cannot stand.

Appellant would also argue that his convictions and sentences for class B attempted rape and for class C attempted robbery cannot stand as well, because the stabbing and striking was an alleged element in each offense. There is no jeopardy violation where two offenses share an identical element and where there is a substantial overlap in the proof. *Elmore v. State* (1978), 269 Ind. 532, 382 N.E.2d 893. Here appellant's conduct in stabbing and striking the victim was joined by other conduct manifesting several distinct criminal states of mind, namely, first to steal, then to have forced intercourse, and finally to kill. He selected the same means to accomplish his different criminal purposes, and in so doing violated more than one criminal statute. He may be convicted and sentenced for each.

## X

Appellant testified at his trial and in so doing mentioned the names of several people with whom he had had contact on the day the crimes were alleged to have been committed. On cross-examination, the trial prosecutor asked him whether he intended to subpoena these people. An objection and argument ensued, and the trial court overruled the objection, however, no answer was given, and the questioning went right on.

 Constitutional and statutory rights free the defendant in a criminal trial from mention of his failure to testify or refusal to provide information explaining his conduct to the prosecution forces. *Williams v. State* (1981), Ind., 426 N.E.2d 662. Appellant argues that this protection should be extended to questions such as this because they wrongly imply that the defendant bears a burden of proof. There is little likelihood that a jury would interpret such questions in that manner. We believe that a jury would regard them as an assertion of the prosecutor that the defendant's testimony should be given little weight, since an opportunity to corroborate it was forgone. Adverse comment by the prosecutor upon the weight of the defendant's evidence is permissible at the proper time, and any danger that the jury would interpret that comment as placing a burden of proof upon the defendant would be cured by a proper jury instruction on the burden of proof.

## XI

Six days before trial, defense counsel filed a motion to withdraw his appearance. At a hearing on the motion, appellant testified that he had lost confidence in his court-appointed counsel, and would be better represented by a paid lawyer, and that he was trying to raise money from a relative in Georgia and a friend in Jeffersonville for an attorney fee. The trial court denied the motion, and appellant's final claim is predicated thereon.

In *Harris v. State* (1981), Ind., 427 N.E.2d 658, as pointed out by the Attorney General, we dealt with a case similar in most respects to the one before us. There, as here, the efforts made to supplant counsel, if successful, would have entailed a delay in trial. Considerable time, here a year, had expired since the charges were filed, and thus ample opportunity to hire counsel or complain about court-appointed counsel had been forgone. Furthermore the likelihood that the defendant would be successful in finding private counsel within a reasonable time was minimal. The complaints about court-appointed counsel, there as here, were non-specific. Appellant can fare no better than the party in the *Harris* case. The trial court was warranted in its ruling.

In light of our decision in Issue IX we remand with instructions to vacate appellant's convictions and sentences for class A burglary, class A attempted rape, and class A attempted robbery; and to enter convictions and appropriate sentences for class B burglary, class B attempted rape, and class C attempted robbery, in their stead. In all other respects the convictions and sentences are affirmed.

GIVAN, C.J., and PRENTICE, J., concur.

PIVARNIK, J., concurs and dissents.

HUNTER, J., not participating.