**Charles Robert SAGE, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

**No. 485S178.**

Supreme Court of Indiana.

Dec. 17, 1986.

Susan K. Carpenter, Public Defender, Carolyn J. Fitch, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Petitioner Charles Robert Sage was initially charged with three counts of burglary in cause number 79–14 and with the following charges filed under cause number 79–17: two counts each of armed robbery resulting in bodily injury, criminal deviate conduct, criminal confinement, burglary, and battery with a deadly weapon.

Pursuant to a plea agreement, he pled guilty to one burglary, class C, armed robbery resulting in bodily injury, class A, and criminal confinement, class B. The State did not recommend a sentence for the burglary but did recommend the maximum sentences of fifty years for armed robbery and twenty years for confinement. The trial court accepted the pleas and sentenced appellant to consecutive terms of forty years for the robbery, ten years for the confinement, and five years for the burglary. Appealing the denial of his petition for post-conviction relief, Sage argues that his pleas were not entered voluntarily and intelligently because the trial court did not advise him of the minimum sentences, the possibility of consecutive sentences, and the possibility of increased sentences by virtue of prior convictions, citing Ind.Code § 35–4.1–1–3 [repealed by 1981 Ind.Acts, P.L. 298, § 9, effective September 1, 1982; amended and recodified as Ind.Code § 35–35–1–2 (Burns 1985 Repl.)].

■ As petitioner, Sage had the burden of establishing his grounds for relief by a preponderance of the evidence. Rule PC 1, Section 5, Ind.Rules of Procedure for Post-Conviction Remedies. Evidence that the trial judge failed to give one of the statutory advisements does not by itself sustain petitioner's burden. He must establish specific facts from which the trier of fact could conclude by a preponderance of the evidence that the trial judge's omission rendered the decision to enter a guilty plea involuntary or unintelligent. *White v. State* (1986), Ind., 497 N.E.2d 893. To prevail on appeal from denial of post-conviction relief, Sage must satisfy this Court that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court. *Lowe v. State* (1983), Ind., 455 N.E.2d 1126.

### A. Minimum Sentence and Enhanced Sentence

■ The trial court did not advise Sage of the minimum sentences he could receive for the charged offenses. At the sentencing hearing the judge advised Sage of the presumptive sentence, and the number of years which could be added or subtracted from this term due to aggravating or mitigating circumstances, for the offense to which he pled guilty. However, advisements given after the accused's plea is accepted by the court do not satisfy the statute. *Martin v. State* (1983), Ind., 453 N.E.2d 199.

The record indicates that the judge did not advise Sage of the possibility of an increased sentence by virtue of prior convictions. Sage's history of prior criminal activity was one of the aggravating circumstances cited by the court to justify enhancing the armed robbery sentence by an additional ten years.

However, petitioner has not established that these omissions rendered his decision to enter guilty pleas unintelligent and involuntary. As Justice DeBruler stated in *McFarland v. State* (1986), Ind., 501 N.E.2d 1047:

appellant has not demonstrated that the omission of these advisements materially impacted upon his decision to plead guilty. To prevail, the petitioner must prove that any erroneous or omitted advisements, if corrected, would have changed his decision to enter the plea. [Citation omitted.]

*McFarland*, at 1050.

### B. Consecutive Sentence

■ Neither the record of the guilty plea hearing nor the plea agreement indicates that Sage was advised that consecutive sentences could be imposed. However, there is evidence that the defendant knew that consecutive sentences were a possibility.

This Court reviews all the evidence when determining whether the guilty plea was entered voluntarily and intelligently, "including testimony given at the post-conviction trial, the transcript of the petitioner's original sentencing, and any plea agreements or other exhibits which are a part of the record." *White*, 497 N.E.2d at 906–906. The plea agreement recited that "defendant acknowledges that he has been made aware that the State of Indiana will seek the maximum sentences." At the sentencing hearing, the judge asked defense counsel whether he would like to make a statement. Defense counsel responded in his statement that "... the Prosecutor has recommended to the Court the imposition of maximum consecutive sentences in this matter. We, the defendant and I, were aware that this recommendation would be made."

Defense counsel's acknowledgment that he and Sage knew that consecutive sentences would be recommended by the prosecutor, in combination with a plea agreement which indicated that the State would argue for a maximum sentence, and appellant's acceptance of the judge's pronouncement of consecutive sentences, without objection, warrant the inference that Sage was duly informed, prior to pleading guilty, that consecutive sentences could be im-

posed. *Cf., Houston v. State* (1985), Ind., 480 N.E.2d 218.

The judgment of the trial court is affirmed.

GIVAN, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result.