**Porter WHATLEY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 685S237.**

Supreme Court of Indiana.

June 3, 1987.

Susan K. Carpenter, Public Defender, Richard Ranucci, Sp. Asst. to the Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal following denial of post-conviction relief. There are three issues presented for review: (1) whether appellant's trial attorney afforded ineffective assistance of counsel for failure to investigate and prepare the defense of involuntary intoxication; (2) whether appellant's guilty pleas were involuntary due to the trial court's failure to advise him that the court was not a party to and not bound by the plea agreement; and (3) whether appellant's guilty pleas were involuntary due to the trial court's failure to determine if the pleas were induced by threat.

These are the facts pertinent to the issues presented: On February 5, 1980, appellant shot and killed Kevin Ball, Shirley Chaney and Erika Chaney. On February 6, 1980, appellant was charged with three counts of murder. On November 6, 1980, appellant entered pleas of guilty to two counts of murder and one count of voluntary manslaughter. On December 5, 1980, the court sentenced appellant to fifty years, fifty years and twenty years respectively, sentences to run concurrently, which sentencing complied with the terms of the plea agreement.

## I

■ Appellant asserts that his trial counsel provided ineffective assistance by failing to investigate or prepare a defense of involuntary intoxication.

In the course of meetings between appellant and his counsel, several versions of the events surrounding the multiple deaths were the subject of consideration, including appellant's consumption of alcohol, his having some sort of diabetic attack, and his having had his drink secretly spiked with some drug. Witnesses to the shootings stated appellant appeared intoxicated. The dead trio had taken appellant's truck after he had fallen asleep in the residence and then wrecked it. Upon their return they were shot and killed. Appellant was faced with three counts of murder, and the potential for three consecutive 60 year terms or an amendment seeking the death penalty.

These guidelines are to be followed when reviewing ineffective assistance claims:

"The proper standard for attorney performance is that of reasonably effective assistance. * * * * Judicial scrutiny of counsel's performance must be highly deferential. * * * * * the defendant must overcome the presumptionn that, under the circumstances, the challenged action might be considered sound trial strategy. * * * * A * * * * claim * * * has two components. First the defendant must show that counsel's performance was deficient. * * * Second, the defendant must show that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, (1984)".

In August of 1980, after appellant's arrest in February of that year, counsel, who had been in the case for about a month, received a written statement from a Ronald Lee Lewis, an inmate at the Marion County Jail, stating he had secretly placed LSD in appellant's drink the morning of the shootings, while drinking outside the apartment with appellant in his truck. The declarant stated that he had been with appellant in jail at the time of his initial arrest, but appellant had not recognized him as the drinking companion. No motive for the spiking was suggested. The declarant was in the Pendleton reformatory at the time of sentencing. Counsel responded by consulting with a doctor who had examined appellant for other legal purposes, about the effects of a combination of LSD and alcohol upon behavior, but did not personally interview Lewis.

Appellant has not overcome the presumption that counsel's action in investigating and evaluating the support for appellant's defense of involuntary intoxication, and in consequently advising that his interests were better served by the plea agreement than a trial on the merits, might be considered sound strategy. Counsel had at hand sufficient indicia upon which to base a sound professional appraisal of the persuasive force which evidence of the defense would have upon a trier of fact, even given its fullest statement. A personal interview of Lewis by counsel and a further search for evidence of drug ingestion were not required in fulfillment of counsel's duty to make a proper investigation of a possible defense, to evaluate the defense and to provide professional advice to appellant regarding the potential of that defense vis-a-vis his interest in having the benefits of the plea agreement. Counsel's advice in these circumstances to plead guilty rather than not guilty did not amount to deficient performance.

There is also an insufficient showing that appellant was prejudiced by counsel's action. Several months after appellant's initial arrest and incarceration he filed a *pro se* motion to the trial court requesting appointment of new counsel, specifically Linda Wagoner, the counsel who provided the advice here challenged. Failure to investigate possible defenses was one of the reasons stated in the motion. It is now asserted that Wagoner provided ineffective assistance for the same reason. If appellant then believed he was receiving inadequate representation, his success in having new counsel appointed should have been sufficient to alert him to other avenues of recourse besides simply pleading guilty. There is no basis here upon which to base a conclusion that appellant chose to plead

guilty without the reasonably effective assistance of counsel in evaluating his involuntary intoxication defense. Appellant did not satisfy his burden of proof on this issue.

## II

 The next issue presented addresses the failure of the trial court to advise appellant that it was not a party to nor bound by the plea agreement. In *White v. State* (1986), Ind., 497 N.E.2d 893, the majority of this court concluded that in order to prevail in a post-conviction action on the basis of an omitted statutory advisement, a defendant must show that if he had received such advisement, he would have altered his decision to plead guilty. *Holliday v. State* (1986), Ind., 498 N.E.2d 1239. Appellant has not proven the lack of advisement would have altered his decision, and since the trial court did accept the plea agreement and comply with its terms, he has not shown harm to himself.

## III

The final issue presented raises the question of trial court error in failure to determine if appellant's pleas were induced by threat. The post-conviction record reveals two references to threats perceived by appellant. The first occurred at the scene of the crime at the point of arrest when an officer stated he would shoot appellant if he did not drop his gun. The second concerned statements by the same officer when appellant was riding in the officer's car. The only reference in the record to this perceived threat is the following statement by appellant:

> "Well, in a way it did because whenever he got me in his car he said if I get out of jail he would.... ."

The answer was interrupted by the interposition of an objection by the State which the court sustained. The statement was not embellished or completed. Appellant testified twice at his guilty plea hearing that his pleas were being made voluntarily and of his own free will. The evidence presented by appellant does not lead to the conclusion that his pleas of guilty were coerced by threat.

The denial of post-conviction relief is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.