Ezell BAILEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 71S00–8702–CR–242.

Supreme Court of Indiana.

March 10, 1988.

Joseph F. Rubin, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Robbery, a Class B felony, for which he received a sentence of twelve (12) years.

The facts are: On February 18, 1985, Paul Holston was working as an attendant at the Guaranteed Super Service Station in St. Joseph County. He had been warned by his employer that three suspicious men were in the vicinity and that he should exercise caution.

Shortly after his employer left, three men entered the station, produced a revolver, and made Holston get on his knees and keep his head down. They took money from Holston's pocket and also took his coin changer and his wallet, which was emptied and thrown on the desk. They then placed a gun against Holston's head and took him to the back room and attempted to force him to open the safe, which he was unable to do. They did, however, discover additional money in a desk drawer in the back room. They then threatened to kill Holston because he had lied to them. At the time they announced their intention to kill Holston, a customer entered the service station and the robbers fled.

Holston called the police and, although he was unable to describe the facial features of the robbers, he was able to give a detailed description of the clothing each was wearing and their approximate heights and weights. South Bend Police Officers David B. Chapman and Nathan Cannon responded to the call and received the description of the robbers. Approximately ten minutes after the robbery had occurred, the officers located three men fitting the description within six-tenths of a mile of the station. The officers informed the dispatcher of their intention to stop the three suspects and radioed for assistance.

When the subjects were ordered to stop, they began walking in a circle and started removing various items from their pockets and discarding them near a parked automobile. When the officers were finally able to take the subjects into custody, they found the coin changer near the front wheel of the car, a wad of money stuck in the grill of the car, and a handgun underneath the vehicle. During a search of the

subjects, one of them, Darryl Lewis, dropped a carton of Kool cigarettes which had been taken from the service station. The other subjects were identified as Joseph Husband and appellant. They were returned to the service station and identified by Holston, based on their height, weight, and the clothing they were wearing. Holston identified the coin changer as the one which had been taken from him in the robbery.

Appellant claims the trial court erred in failing to grant a mistrial because some of the jurors observed him wearing handcuffs as police officers transported him from the courtroom to the jail. When this was called to the attention of the trial judge, he questioned each juror out of the presence of the others and discovered that nine of them had no knowledge of the situation. Three members of the panel and the alternate did say that they had seen appellant in the custody of the sheriff. Some of them did not notice that he was handcuffed; others, however, did. The judge questioned each juror who had seen appellant in the custody of the officers and each responded that their viewing of appellant in custody would have no effect on their decision in the case.

Following the judge's questioning of each juror, both defense counsel and the State were asked if they had anything further they wished to ask or add. Each time both the defense and the prosecution indicated they had nothing further. Appellant now claims the judge's questioning of the jury was insufficient because he did not instruct and admonish the jury not to consider the fact that appellant was wearing handcuffs and was in the custody of the sheriff. Although the trial judge did not use the words "instruct" or "admonish," no reasonable person could take his questioning of the individual jurors in any way other than that they were actually being admonished to disregard the situation and in fact each juror did respond that they would not be adversely affected by such a viewing. We hold the trial court did in fact comply with the requirements set forth in *Broadus v. State* (1986), Ind., 487 N.E.2d 1298; *Flowers v. State* (1985), Ind., 481 N.E.2d 100. The court did not err in refusing to grant a mistrial.

Appellant claims there is insufficient evidence to sustain the verdict. He primarily bases his contention on the fact that Holston was unable to identify the robbers by their facial features. It is appellant's contention that the only evidence against him was that he was in the vicinity of the robbery at the time it occurred. Appellant disregards the fact that each of the three robbers was distinctively dressed and Holston was able to describe the robbers' clothing in such detail that the subjects were quickly apprehended based upon such description. Appellant also ignores the fact that at the time of their apprehension police officers observed the three subjects discarding from their pockets objects which turned out to be money and property taken in the robbery. There is substantial evidence in this record to support the conclusion of the jury that appellant is guilty beyond a reasonable doubt. Under such circumstances, we will not set aside the verdict. *Gatewood v. State* (1982), Ind., 430 N.E.2d 781.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.