Roger L. GRIFFIN, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 46S03–8907–CR–517.

Supreme Court of Indiana.

July 6, 1989.

Roger L. Griffin, Westville, pro se.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

## ON CRIMINAL PETITION FOR TRANSFER

SHEPARD, Chief Justice.

Appellant Roger L. Griffin was originally charged with four counts of murder arising out of his role in the arson-related deaths of four individuals. He later pled guilty to four counts of assisting a criminal, a class C felony. Ind.Code § 35–44–3–2 (Burns 1985 Repl.). This appeal arises from his motion to correct erroneous sentence, which the trial court denied.

The motion alleged two errors. First, Griffin claimed that the trial court erred by ordering consecutive sentences. Second, Griffin claimed that the fifth amendment's prohibition against double jeopardy bars sentencing on four counts because all four arose out of the same event. The Court of Appeals dismissed Griffin's appeal on the grounds that he could challenge his convictions only through post-conviction procedures. *Griffin v. State*, (1988), Ind.App., 531 N.E.2d 248.

Griffin was entitled, however, to challenge his sentence through direct appeal. *Thompson v. State* (1979), 270 Ind. 677, 389 N.E.2d 274. This rule was reaffirmed recently, when Justice Pivarnik wrote for this Court that while the preferred method for presenting such issues is post-conviction relief, "a defendant may use Ind.Code § 35–38–1–15 as a method to seek correction of an erroneous sentence...." *Gee v. State* (1987), Ind., 508 N.E.2d 787, 788. Thus, the dismissal of his appeal was erroneous.

Accordingly, we grant Griffin's petition to transfer.

As for Griffin's first claim, that the trial court did not enunciate any aggravating circumstances to support its order that his sentences be served consecutively, the State concedes that the trial court did not. Accordingly, we shall remand the cause with instructions that the trial court either enter any findings which support consecutive sentences or resentence appellant to concurrent terms. *Lindsey v. State* (1985), Ind., 485 N.E.2d 102.

Second, Griffin alleges that his sentence violates the federal constitutional prohibition against double jeopardy. U.S. Const. amend. V. A guilty plea generally acts as a waiver of such a claim. *United States v. Broce*, 488 U.S. ——, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). A defendant who has pled guilty to charges which are facially duplicative of previous convictions, however, is entitled to challenge the resulting convictions. *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975). Here, the State originally charged Griffin with four counts of murder arising out of an arson. These charges clearly were not facially duplicative. As the result of a plea agreement, the State reduced Griffin's charges to assisting a criminal in return for his plea of guilty to each of the four. Griffin could not have challenged the original charges on double jeopardy grounds. We conclude that once Griffin bargained with the State for a reduction in charge and pled to the reduced charges, he could not challenge the reduced charges on double jeopardy grounds.

We affirm Griffin's convictions and remand to the trial court with instructions to enter such aggravating circumstances as it

deems support consecutive sentences or re-sentence appellant to concurrent terms.

DeBRULER, GIVAN, PIVARNIK, and DICKSON, JJ., concur.