**Keith ABERCROMBIE, Appellant**
**(Petitioner Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 18A02–8811–PC–402.

Court of Appeals of Indiana,
Second District.

Sept. 14, 1989.

Susan K. Carpenter, Public Defender, Hilary Reeve, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Keith Abercrombie appeals the denial of his petition for post-conviction relief.

We reverse and remand.

## FACTS

Abercrombie pled guilty in 1979 to charges of rape, a class B felony; robbery, a class A felony; burglary, a class A felony; and theft, a class D felony. He was sentenced to terms of twenty years for the rape, forty years for the robbery and forty years for the burglary. These sentences were ordered served consecutively. He was also sentenced to a term of four years for the theft count, which term was ordered served concurrently to the other, consecutive terms. On appeal of his sentence the Supreme Court of Indiana affirmed his convictions but remanded for a new sentencing hearing because the record was inadequate to support the aggravated and consecutive sentences. *Abercrombie v. State* (1981), 275 Ind. 407, 417 N.E.2d 316. In 1981, following a new sentencing hearing, Abercrombie was resentenced to a term of twenty years on the rape conviction, served consecutively to concurrent terms of thirty years each on the burglary and robbery convictions and two years on the theft conviction, for a total sentence of fifty years. Abercrombie's appeal of this

sentence was unsuccessful. *Abercrombie v. State* (1982), Ind., 441 N.E.2d 442.

Abercrombie subsequently initiated a petition for post-conviction relief claiming his pleas were involuntary because the guilty plea court failed to advise him of "any possible increased sentence by reason of the fact of a prior conviction or convictions" as required by IC 35–4.1–1–3(d) (1976) (repealed 1981).[1] The post-conviction court denied his petition, and Abercrombie now appeals.

## ISSUE

Abercrombie contends his guilty plea should be vacated because he was not advised his sentence might be increased due to his prior convictions.[2]

## DECISION

■ The petitioner in a post-conviction proceeding bears the burden to prove any grounds for relief by a preponderance of the evidence. *St. John v. State* (1988), Ind.App., 529 N.E.2d 371, 374. The post-conviction court possesses exclusive authority to weigh the evidence and to determine the credibility of witnesses; its ruling will not be disturbed unless the evidence is without conflict and leads unerringly to a different result. *Stewart v. State* (1988), Ind., 517 N.E.2d 1230, 1231.

■ To prevail on a defective advisement claim, a petitioner must show (1) the trial court failed to give a required advisement, and (2) had he received the advisement he

1. The statute in effect at the time Abercrombie pled guilty required the court to inform the defendant, *inter alia,* of "any possible increased sentence by reason of the fact of a prior conviction or convictions." IC 35–4.1–1–3(d) (1976) (repealed 1981) (present version at IC 35–35–1–2(a)(3) (1988)).

2. The State argues Abercrombie waived the issue when he failed to raise it on the appeal of his sentence after remand. This argument fails if for no other reason than that the waiver, if any, would have to occur when Abercrombie initially elected to seek relief under IC 35–38–1–15 rather than in a post-conviction relief proceeding, and not at the time of his *second* sentencing appeal.

However, the author of this opinion holds the view that no waiver occurred. Abercrombie's

motion which was the subject of the two sentencing appeals was brought under IC 35–38–1–15 and was, therefore, limited to correction of his sentence. IC 35–38–1–15 (1988); *Griffin v. State* (1989), Ind., 540 N.E.2d 1187, 1188. Thus, prior to the petition involved in this appeal, Abercrombie had not filed any petition in which he could have challenged the voluntariness of his guilty plea. Though Abercrombie *could* have combined the guilty plea issue with the sentencing issue in a post-conviction petition (which is the preferred vehicle for sentencing appeals, *Griffin* at 1188), he did not do so nor was he required to do so. *Griffin* at 1188. Consequently, Abercrombie did not waive the plea issue by initially proceeding under IC 35–38–1–15.

would have altered his decision to plead guilty. *Whatley v. State* (1987), Ind., 508 N.E.2d 537, 539; *White v. State* (1986), Ind., 497 N.E.2d 893, 905.

■ Abercrombie met the first condition: he was not advised of the possibility his sentence might be increased as a result his prior convictions, as indeed they were. However, the post-conviction court determined he failed to meet the second condition because his affidavit filed in support of his petition "is largely conclusory and not [a] recital of factual statements...." Record at 396.

The post-conviction court did not evaluate the truth of the assertions but rather determined that, as a matter of law, the statements in Abercrombie's affidavit were insufficient to meet his burden of proof. In so doing, the post-conviction court erred.

The issue is whether Abercrombie would have pled guilty had he known of the omitted advisement. What Abercrombie or any defendant in a similar situation would have done is a basic fact that can be proved only by an assertion of what the alternative conduct would have been. Certainly, alternative conduct cannot be proved proof by extrinsic facts although occasionally they may corroborate the assertion of alternative conduct. The judicial function is exercised in determining the weight and credit to give the assertion.[3] Therefore, although Abercrombie's assertion is properly denominated as conclusory, in this particular situation, a conclusory fact is the basic fact. Thus, the post-conviction court's determination that Abercrombie's assertion he would not have pled guilty had he known about the possible effect of his prior convictions is conclusory and facially insufficient to meet his burden of proof is erroneous. Accordingly, this cause must be remanded for a hearing on the merits of Abercrombie's petition.

■ In addition, we address an issue *sua sponte*, a fundamental error in Abercrombie's sentencing. Abercrombie's convictions for robbery and burglary were for class A felonies inasmuch as serious bodily injuries to the victim were alleged and proven. However, the Supreme Court of Indiana has held that injuries occurring in the "same episode" cannot elevate the class of felony of more than one conviction. *Flowers v. State* (1985), Ind., 481 N.E.2d 100, 106, *aff'd following remand* (1988), Ind., 518 N.E.2d 1096. Here, the serious bodily injuries suffered by the victim occurred as a result of the manner and means by which the victim found herself on her basement floor with her hands and feet bound. This factual basis is insufficient as a matter of law to sustain two convictions for felonies enhanced by serious bodily injuries. There is but one victim and one incident of injury. Therefore, Abercrombie's convictions for both a class A burglary and a class A robbery cannot stand. Upon remand, the post-conviction court is ordered to vacate his conviction and sentence for one of the two enhanced crimes and, in the event that it determines following the hearing that Abercrombie's guilty pleas were in fact voluntarily and intelligently made, to re-enter a conviction and resentence for the appropriate class felony.

Judgment reversed and cause remanded for further proceedings.

BAKER, J., concurs.

SULLIVAN, J., concurs.

---

**3.** Although the question of what the defendant would have done is a subjective one, it is determined in part by what a reasonable defendant, in the same and similar circumstances, would have done.