**David FOLLOWELL, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 42S04–9109–PC–730.

Supreme Court of Indiana.

Sept. 20, 1991.

Rehearing Denied Nov. 20, 1991.

Susan K. Carpenter, Public Defender, Patrick R. Ragains, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant David Followell pled guilty as charged in 1983 to one count of criminal deviate conduct, a class B felony, Ind.Code § 35–42–4–2 (West 1986). He was sentenced to twenty years, the maximum sentence allowed by statute for a class B felony. Ind.Code § 35–50–2–5 (West 1986).

At the combined guilty plea and sentencing hearing, the judge questioned Followell to determine whether his guilty plea was voluntary and intelligent. The judge's questions closely tracked the controlling statute, Indiana Code § 35–35–1–2, requiring judges, before accepting a guilty plea, to make an inquiry:

(1) Determining that [the defendant] understands the nature of the charge against him;

(2) Informing him that by his plea he waives his rights to:

(A) A public and speedy trial by jury;

(B) Confront and cross-examine the witnesses against him;

(C) Have compulsory process for obtaining witnesses in his favor; and

(D) Require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(3) Informing him of the maximum possible sentence and minimum sentence for the crime charged *and any possible increased sentence by reason of the fact of a prior conviction or convictions* ... (emphasis added).

Ind.Code § 35–35–1–2 (Burns 1981).

The court's inquiry of Followell satisfied all the statutory requirements save one, the warning that a defendant's criminal history can serve as an aggravating factor to enhance a presumptive term. Instead, after informing Followell of the minimum and maximum penalties for a class B felo-

ny, the judge asked him if he understood that the court could impose the maximum sentence of twenty years, to which Followell replied, "Yes." Record at 71.

After accepting the plea, the court sentenced Followell to the maximum term of twenty years. Among the aggravating factors which the court found to support the enhancement were Followell's three juvenile adjudications (which would have been felony convictions had he been an adult) and a misdemeanor conviction as an adult. The court also listed as aggravators the fact that a deadly weapon was used in the commission of the crime, and that the victim, a 14–year–old girl, would bear the psychological scar of Followell's actions for the rest of her life.

Two years later, Followell petitioned for post-conviction relief, claiming that his plea was not made voluntarily or intelligently because the judge did not inform him that his prior juvenile and adult criminal history could be used to support enhancement of his sentence to the maximum penalty. The post-conviction court denied Followell's petition, and the Court of Appeals affirmed in an unpublished opinion. *Followell v. State*, No. 42A04–9007–PC–326 (Ind.App. Mar. 13, 1991).

■ As petitioner, Followell had the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5). Evidence that the trial judge failed to give one of the statutory advisements does not by itself sustain petitioner's burden. *Sage v. State* (1986), Ind., 501 N.E.2d 427. He must establish specific facts from which the trier of fact could conclude by a preponderance of the evidence that the trial judge's omission rendered the decision to enter a guilty plea involuntary or unintelligent. *White v. State* (1986), Ind., 497 N.E.2d 893. Thus he must prove that any erroneous or omitted advisements, if corrected, would have changed his decision to enter the plea. *Sage*, 501 N.E.2d at 429.

The judge who heard the post-conviction petition was the same judge who sentenced Followell in 1983. In denying the petition, the judge concluded that he had decided to enhance the sentence based largely on the two other aggravating factors he had cited, and *not* on the juvenile adjudications and misdemeanor conviction. The judge declared from the bench that he was satisfied that in making his sentencing decision, he had not relied in any substantial way on Followell's juvenile adjudications or adult misdemeanor conviction. The court made no mention of the impact of omitting an advisement on Followell's decision to plead. Record at 238–240. Similarly, in affirming the post-conviction court, the Court of Appeals held that the other aggravating factors were sufficient to support the enhancement of Followell's sentence.

This focus on whether there were other sufficient aggravating factors to support the enhanced sentence was error. The question is not whether the court would have entered the same penalty if the only aggravating circumstances had been Followell's use of a deadly weapon and the impact of the crime on the victim. The issue is whether Followell would have pled guilty had he been fully advised.

■ We cannot determine on appeal whether Followell would have changed his plea had he known his prior record could be used to enhance the presumptive sentence. Such a determination requires a weighing of the evidence presented in the post-conviction court. While the post-conviction court found that Followell's plea was knowingly, intelligently and voluntarily made, record at 209, it did not make any mention whether Followell would have pled guilty had he been properly advised, focusing instead on whether Followell's sentence could be supported on other grounds. In a somewhat similar post-conviction case, the Court of Appeals elected to remand for reconsideration of the evidence using the appropriate standard. *See Abercrombie v. State* (1989), Ind.App., 543 N.E.2d 407.

We grant transfer and vacate the decision of the Court of Appeals. We vacate the post-conviction court's denial of the petition and remand for a reconsideration of the merits of Followell's petition, centering on whether Followell would have changed his plea had he been properly advised.

DeBRULER, DICKSON and KRAHULIK, JJ., concur.

GIVAN, J., dissents with separate opinion.

## ON CRIMINAL PETITION TO TRANSFER

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case. The judge who sentenced appellant on his plea of guilty was the same judge who heard the post-conviction relief petition.

We previously have held that it is not necessary to advise a defendant pleading guilty that his prior criminal history can be used to enhance his sentence unless those prior convictions reflect directly on the sentence. *Silvers v. State* (1986), Ind., 499 N.E.2d 249. In accepting appellant's plea of guilty, the trial judge informed him that he could receive the maximum of twenty (20) years on his sentence.

At the time he pronounced sentence, he stated that in committing the crime the defendant had threatened to use a deadly weapon and that the victim was a 14-year-old child who will bear psychological scars as a result of the crime perpetrated upon her.

At the post-conviction relief hearing, the trial judge stated that in sentencing appellant he had used the nature of the crime and the effect on the victim as his reasons for enhancing the sentence. Under the circumstances, I can find no justification to remand this case for consideration of appellant's petition for post-conviction relief.

I would deny transfer without opinion.