**Cean G. ODOM, Sr., Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A03–9405–PC–181.

Court of Appeals of Indiana,
Third District.

March 7, 1995.

Transfer Denied May 19, 1995.

Susan K. Carpenter, Public Defender, Stephen T. Owens, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

GARRARD, Judge.

Cean G. Odom, Sr. (Odom) contends that the State subjected him to double jeopardy by enhancing multiple charges against him based upon a single incident of bodily injury to the victim. Since Odom pleaded guilty to informations which were facially duplicative, he is entitled to challenge his convictions. We reverse.

### FACTS

Odom pleaded guilty in 1993 to a robbery[1] and burglary[2] committed on November 5, 1992. Both charges under cause number 02D04–9212–CF–686 (hereinafter "686") were enhanced to class A felonies based upon the serious bodily injury sustained by the elderly victim, Ophia Henning. At the same time Odom also pleaded guilty to charges of attempted robbery[3] and burglary under cause number 02D04–9212–CF–687 (hereinafter "687") which he admitted committing on November 9, 1992. The charges under cause number 687 were similarly enhanced to class A felonies due to the serious bodily injury suffered by the elderly victim, Orda Dawn Glentzer.

Odom entered into a plea agreement which left determination of his sentence to the judge's discretion. The judge sentenced Odom to twenty-five (25) years on each count under cause number 686, to run concurrent to each other. Similarly, the judge sentenced Odom to twenty-five (25) years on each count under cause number 687, to run concurrent to each other as well. However, the judge ordered that Odom's first twenty-

five (25) year sentence be served consecutive to his second twenty-five (25) year sentence, for a total of fifty (50) years.

■ On January 11, 1994, Odom filed a motion to correct error which the court treated as a petition for post-conviction relief. The court denied Odom's petition without a hearing, finding Odom's guilty pleas to have been counseled and voluntary.[4]

### ISSUE

I. Whether Odom's convictions violate the constitutional prohibition against double jeopardy by elevating multiple charges on the basis of a single bodily injury.

### DISCUSSION AND DECISION

■ The state charged Odom by information with robbery, a class A felony, because it "resulted in serious bodily injury to Ophia J. Henning." Record at 14. Count II charged Odom with burglary, a class A felony "resulting in bodily injury to Ophia J. Henning." Record at 16. Odom contends that enhancing both charges under cause number 686 to class A felonies due to the serious bodily injury suffered by victim Ms. Henning subjects him to double jeopardy. Moreover, Odom utilizes the same rationale for challenging the elevation of both charges under cause number 687 to class A felonies. Count I under 687 charged Odom with attempted robbery, a class A felony, because it resulted in serious bodily injury to Orda Dawn Glentzer. Record at 18. Count II charged Odom with class A burglary based on Ms. Glentzer's bodily injury. Record at 20.

Our Supreme Court has held that injuries occurring in the "same episode" cannot elevate the class of felony of more than one conviction. *See Flowers v. State* (1985), Ind., 481 N.E.2d 100, 106, *aff'd following remand* (1988), Ind., 518 N.E.2d 1096; *Beville v.*

---

1. I.C. § 35–42–5–1.

2. I.C. § 35–43–2–1.

3. I.C. § 35–41–5–1 and I.C. § 35–42–5–1.

4. Odom failed to raise the double jeopardy argument in his petition for post-conviction relief. However, we address this issue because the double jeopardy violation constitutes fundamental error. *Abercrombie v. State* (1989), Ind.App., 543 N.E.2d 407, 409.

*State* (1985), Ind., 472 N.E.2d 1247, 1254, *reh'g. denied.*[5] In *Flowers,* a jury convicted the defendant of attempted murder, burglary, attempted rape, and attempted robbery. The multiple stabbing and striking of the victim constituted the sole basis upon which the defendant's sentences for burglary, attempted rape and attempted robbery were elevated from class B or C felonies to class A felonies. The court held these convictions could not stand since the attempted murder conviction was based upon injuries from the same stabbing episode. *Flowers,* 481 N.E.2d at 106. Therefore, if there was but one victim and one incident of injury in each of Odom's cause numbers, then his convictions violate the prohibition against double jeopardy.

The state, however, argues that Odom waived any double jeopardy claim by entering a guilty plea and admitting to the allegations. A guilty plea generally waives such a claim. *Griffin v. State* (1989), Ind., 540 N.E.2d 1187, 1188. A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when an offender seeks to reopen a proceeding after a guilty plea has become final, the inquiry is usually confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative, then the conviction and plea foreclose the collateral attack. *United States v. Broce,* 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989).

An exception to the rule barring collateral attack on guilty pleas has been established. *Griffin,* 540 N.E.2d at 1188; *United States v. Broce,* 488 U.S. at 574–75, 109 S.Ct. at 765; *Christie v. State* (1989), Ind.App., 536 N.E.2d 531, 533. A defendant

who pleaded guilty to charges which were facially duplicative is entitled to challenge the resulting convictions.[6] Therefore, Odom has not waived his double jeopardy challenges since we find the informations charging him to be facially duplicative. The informations for both counts under cause number 686 refer only to serious bodily injury sustained by Ms. Henning as the basis for enhancement. Similarly, the information for each count under cause number 687 relies upon Ms. Glentzer's serious bodily injury. Informations which allege the same bodily injury to a victim as the basis for elevating two felony charges cannot stand. *Cf. Christie,* 536 N.E.2d 531 (holding that charging informations were not facially duplicative since each described different criminal actions as basis for enhancement); *Lyles v. State* (1991), Ind.App., 576 N.E.2d 1344, *reh'g. denied, trans. denied* (finding no charging double jeopardy violation because informations indicated defendant's burglary charge was elevated due to victim's injury while battery charge was elevated due to use of a deadly weapon).

Moreover, the factual bases for Odom's pleas are insufficient as a matter of law to sustain his enhanced convictions. Odom told the judge that he struck Ms. Henning on the head with a flashlight, causing injury. Record at 140 and 147. He also informed the judge that he struck Ms. Glentzer on the head with a toaster, and that she sustained injuries. Record at 143 and 146. The record indicates there was but one victim and one incident of injury in each of cause numbers 686 and 687. Therefore, all four enhanced sentences may not stand. *See Abercrombie v. State* (1989), Ind.App., 543 N.E.2d 407 (holding that defendant's convictions for class A burglary and class A rob-

---

5. We note that our court is divided upon whether to extend the rule of *Beville* and *Flowers* to cases elevating offenses committed while armed. The majority of cases addressing this question have refused to find a double jeopardy violation where a defendant commits multiple offenses while armed with a deadly weapon. *See Brown v. State* (1994), Ind.App., 633 N.E.2d 322, 324, *trans. denied; Barker v. State* (1993), Ind.App., 622 N.E.2d 1336, 1338; *Smith v. State* (1993), Ind. App., 611 N.E.2d 144, 148, *trans. denied.* The fourth district, however, *sua sponte* applied *Be-*

*ville* to a case elevating two offenses committed with a deadly weapon. *Lyles v. State* (1991), Ind.App., 576 N.E.2d 1344, 1352, *reh'g. denied, trans. denied.*

6. On the other hand, a defendant who pleads guilty to two counts with facial allegations of distinct offenses concedes that he committed two separate crimes. *United States v. Broce,* 488 U.S. at 570–72, 109 S.Ct. at 763.

bery could not stand since both alleged and proved serious bodily injuries to the victim as the basis for enhancement).

■ Next we must determine the appropriate remedy for this double jeopardy violation. Odom claims that his guilty pleas were illusory and illegal because he was charged with four class A felonies when in reality he could be convicted of only two class A felonies. Thus, he argues that his guilty pleas should be vacated. Our standard for reviewing guilty pleas was delineated in *White v. State* (1986), Ind., 497 N.E.2d 893. *See Hinkle v. State* (1992), Ind.App., 605 N.E.2d 200, 202, *reh'g. denied, trans. denied.* A petitioner's conviction will be vacated if the record fails to disclose that the defendant was advised of the right to a jury trial, right of confrontation and right to avoid self-incrimination. An omission of other advice contemplated by I.C. § 35-35-1-2 supports reversal only if a petitioner demonstrates that he or she was prejudiced thereby. *Id.*

■ When confronted with a proffered guilty plea, the trial court is statutorily required to advise a defendant of the possible maximum and minimum sentences for the offense charged. Since the maximum sentence for a class A felony is fifty (50) years, the court erroneously advised Odom that his maximum possible sentence would be 200 years.[7] Record at 136. In order for the court's mistake to support reversal of Odom's convictions, however, he must demonstrate prejudice. Odom has not alleged any prejudice in his appellate brief. Therefore, we deny his request to vacate his pleas of guilty.

## CONCLUSION

Odom's convictions for class A robbery and class A burglary under cause number 686 cannot stand. Upon remand, the post-conviction court is ordered to vacate his conviction and sentence for one of the two enhanced crimes and to re-enter a conviction and resentence for a class B felony.

Nor may Odom's convictions for class A attempted robbery and class A burglary under cause number 687 remain. The post-conviction court is ordered to vacate Odom's conviction and sentence for one of these two enhanced crimes as well, and to re-enter a conviction and resentence for a class B felony.

KIRSCH, J., concurs.

STATON, J., concurs in result and files separate opinion.

STATON, Judge, concurring in result.

I concur in the result reached by the Majority. The question before this court is whether the trial court properly elevated the two separate crimes based on a single instance of bodily injury. On this issue our supreme court is clear: elevation of two crimes based on a single instance of bodily injury is a violation of double jeopardy. *Flowers v. State* (1985), Ind., 481 N.E.2d 100, 106; *Bevill v. State* (1985), Ind., 472 N.E.2d 1247, 1254.

However, the Majority's reference to extending the double jeopardy prohibition to the deadly weapon elevating factor is misplaced. *See* Op. at 380, n. 5.[8] Odom was charged in separate informations with battery and attempted robbery. Both charges

---

7. I.C. § 35-35-1-2 reads in pertinent part:
   Sec. 2. (a) The court shall not accept a plea of guilty or guilty but mentally ill at the time of the crime without first determining that the defendant: ...
   (3) has been informed of the maximum possible sentence and minimum sentence for the crime charged and any possible increased sentence by reason of the fact of a prior conviction or convictions, and any possibility of the imposition of consecutive sentences; ...

8. Our supreme court has not determined whether separate offenses may be elevated based on the use of a single deadly weapon. The Majority cites *Lyles v. State* (1991), Ind.App., 576 N.E.2d 1344, 1352, *reh. denied, trans. denied,* for the proposition that our appellate courts are divided on this issue. A careful reading of *Lyles* reveals that it is based upon a misapplication of our supreme court's opinion in *Bevill. Lyles, supra* at 1352. Subsequent appellate court decisions have consistently refused to extend *Flowers* and *Bevill* to the deadly weapon elevator. *See, e.g., Brown v. State* (1994), Ind.App., 633 N.E.2d 322, 324, *trans. denied; Barker v. State* (1993), Ind.App., 622 N.E.2d 1336, 1338; *Smith v. State* (1993), Ind.App., 611 N.E.2d 144, 148, *trans. denied; White v. State* (1989), Ind.App., 544 N.E.2d 569, 570, *trans. denied.*

were elevated to class A felonies based on serious bodily injury to the victims. The deadly weapon elevator is not at issue. This is not a case in which we are extending the *Bevill* and *Flowers* rationale; instead, it is a case in which *Bevill* and *Flowers* directly apply. In this context, the Majority's discussion of the deadly weapon elevating factor merely muddies the water.

Because the elevation of Odom's crimes to class A felonies was based on a single act of bodily injury, his convictions violate double jeopardy. The Majority properly remanded this case to the post-conviction court for re-sentencing.