**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Orbie FREEMAN, Defendant-Appellant.**

**No. 75–1642.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 7, 1976.

Decided March 1, 1976.

Irwin L. Frazin, Jody C. Weiner, Chicago, Ill., for defendant-appellant.

John R. Wilks, U. S. Atty., Fort Wayne, Ind., Andrew B. Baker, Jr., Asst. U. S. Atty., Hammond, Ind., for plaintiff-appellee.

Before SWYGERT, Senior Circuit Judge, SPRECHER, Circuit Judge, and HOFFMAN, Senior District Judge.*

PER CURIAM.

On July 22, 1974, Orbie Freeman was charged with possession of a "sawed-off" shotgun in violation of 26 U.S.C. § 5861(d). The shotgun was recovered during a search of Freeman's apartment by Gary, Indiana, police officers, pursuant to a warrant issued by Gary City Court Judge Frederick Work.

Prior to trial, defendant Freeman moved to quash the search warrant and suppress the evidence seized, claiming that the description of the premises and the objects of the search were inadequate, and that the warrant was issued without probable cause. The District Court denied the motion, and Freeman was subsequently convicted and sentenced to three years imprisonment.

---

* Senior District Judge Julius J. Hoffman of the Northern District of Illinois is sitting by designation.

It is the order of the District Court, denying the motion to quash the search warrant and suppress the evidence, from which the defendant appeals.

The warrant in question authorized the search of

". . . apartment 207 of a building located at 1627 W. 5th Ave. in a complex known as the Calvary Baptist Church Apartment Complex and Senior Citizens Retreat. A four story brown brick with entrance off 5th Avenue and alley 1 South and 5th Ave. at Hayes Street."

■ Defendant asserts that the latter phrase creates uncertainty as to the place to be searched. But when examined under Federal standards, *United States v. Darensbourg*, 520 F.2d 985 (5th Cir. 1975), the test is one of reasonableness and "elaborate specificity" is not required. *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). Thus where, as here, the description is sufficient to enable the officer executing the warrant to locate and identify the premises with reasonable effort, the requirements of the Fourth Amendment are satisfied. *Steele v. United States*, 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757 (1925); *United States v. Campanile*, 516 F.2d 288 (2d Cir. 1975).

■ The defendant also attacks the warrant's general description of the firearms, merchandise and narcotics that were the objects of the search. That description, however, when narrowed by the references in the affidavit incorporated into the warrant, adequately identified the items to be seized and limited the scope of the warrant. See *United States v. Thompson*, 161 U.S. App.D.C. 339, 495 F.2d 165 (1974). The "sawed-off" shotgun, moreover, was clearly contraband and properly seized during the search. *United States v. Wilson*, 479 F.2d 936 (7th Cir. 1973); *Porter v. United States*, 335 F.2d 602 (9th Cir. 1964), *cert. denied*, 379 U.S. 983, 85 S.Ct. 695, 13 L.Ed.2d 574 (1965).

■ As to the remaining issue, it is well settled that a finding of probable cause may be based upon hearsay information if the affidavit in support of an application for a search warrant attests to the credibility of the informant and the reliability of his information. *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

■ Here the requirements of *Aguilar* and *Spinelli* are met by the affiant's statements that the informant has, on several occasions, provided information leading to the arrest and conviction of narcotics law violators, and that the informant, an admitted narcotics user, purchased heroin from defendant Freeman and others, who were reported to be heavily armed, in Freeman's apartment. *United States v. Carmichael*, 489 F.2d 983 (7th Cir. 1973); *United States v. Bridges*, 419 F.2d 963 (8th Cir. 1969). And, although the affidavit does not specify the date upon which the informant received his information, the relationship between the dated and undated information permits the inference that the events occurred contemporaneously. *United States v. Holliday*, 474 F.2d 320 (10th Cir. 1973).

■ Thus, with deference to the magistrate's finding of probable cause, *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), which is based upon the probability, and not a *prima facie* showing of criminal activity, *Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964), it is the opinion of the court that the District Court properly denied defendant's motion to quash the search warrant and suppress the evidence seized.

Affirmed.