**Thomas McKRILL, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 382S78.

Supreme Court of Indiana.

Aug. 31, 1983.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Petitioner (Appellant) pled guilty to a charge of dealing in a Controlled Substance, a class B felony, Ind.Code § 35–48–4–2 (Burns 1979), and was sentenced to twelve (12) years imprisonment. His petition for post conviction relief was denied following a hearing. This appeal is from the denial of such relief.

■ Our standard of review in appeals from the denial of post conviction relief is as follows:

"Petitioner ha(s) the burden of proof and stands in the shoes of one appealing from a negative judgment. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. It is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law." *Neville v. State,* (1982) Ind., 439 N.E.2d 1358, 1360. (citations omitted).

The issues before us, therefore, are whether the Petitioner sustained his burden of proof upon the following claims of errors committed by the trial court:

1. That the guilty plea was not voluntarily, knowingly, and intelligently given.

2. That the trial court was required to determine his competency, *sua sponte,* prior to entertaining his guilty plea.

\* \* \*

ISSUE I

The record revealed that on October 21, 1977, petitioner McKrill was approached by two (2) undercover officers with the South Bend Police Department who offered him a ride to his destination. During an ensuing discussion about drugs, the agents asked McKrill if he could buy them some pot, and he told them that he could not. Next, the agents asked McKrill if he could buy them some "PCP" or "T." Petitioner said that he could, and one of the agents gave him a $10.00 bill. Petitioner then proceeded to a room in the City Motel. When he returned to the car, he gave the agents a packet subsequently determined to contain .021 grams of Phencyclidine.

The Information, charging him with two criminal counts arising from these events, was not filed until five months subsequent to the date of the offense. Counsel for McKrill filed a Motion to Dismiss charging harm to the defense arising from such delay between the events and the charge. Before a ruling was made on the Motion to Dismiss, McKrill, pursuant to a plea bargain agreement, pled guilty to Dealing in a Controlled Substance, the second count of the Information.

Petitioner contends that his guilty plea was not voluntarily, knowingly and intelligently given. He proposes to support such claim by showing a delay in the filing of the information, the entry of his plea while his previously filed motion was pending, and facts before the court that, he claims, revealed the existence of a valid defense.

■ With respect to his claim that the late filing of the information rendered his guilty plea invalid, Petitioner's argument is without merit. The five (5) year Statute of Limitation for a class B felony, Ind.Code § 35–41–4–2 (Burns 1979), reflects the public policy as to the length of time which may elapse between the time of the offense and the charge. More importantly, however, Petitioner presented no evidence at his post conviction hearing to support his contention that he had, in fact, been prejudiced by the delay. He, therefore, failed to carry his burden of proof on this claim.

■ Notwithstanding the pendency of his motion to dismiss, Petitioner entered his guilty plea. By proceeding without having obtained a ruling on the motion and without protest, the Petitioner waived such ruling. *Ferguson v. State,* (1982) Ind., 438 N.E.2d 286, 288; *Minton v. State,* (1978) 269 Ind. 39, 42, 378 N.E.2d 639, 641.

With respect to Petitioner's claim of a valid defense, he argues that the trial court had before it facts which established a *prima facie* showing of entrapment which the State did not rebut with a showing of predisposition on his part. He contends that this *prima facie* showing necessitated further inquiry by the court before accepting his guilty plea.

█ A guilty plea is a conviction; nothing remains but to give judgment and determine punishment. *Boykin v. Alabama,* (1969) 395 U.S. 238, 242, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274, 279. It is an admission of guilt and a waiver of a variety of constitutional rights, *Stowers v. State,* (1977) 266 Ind. 403, 409, 363 N.E.2d 978, 982, including petitioner's right to raise the defense of entrapment at this stage of the proceedings. Ind.Code § 35–4.1–1–3 (Burns 1979) [repealed effective Sept. 1, 1982; recodified at Ind.Code § 35–35–1–2 (Burns Supp.1982)].

█ Assuming arguendo, that the Petitioner had made a *prima facie* showing of entrapment, there was, nevertheless, sufficient evidence to show that he had been predisposed to commit the offense. Circumstances which may be considered on the issue of predisposition include:

" * * * the accused's possession of a large quantity of contraband; the ability to obtain a supply within a few minutes; knowledge of price on the criminal market and of the sources of supply; familiarity with drug terminology; possession of apparatus for manufacture; the manner of the sale itself; and the accused's readiness to participate; several different schemes to accomplish a sale; multiple sales to the officer; and solicitation, assurances, or other conduct evidencing a willingness or desire to participate in future sales." *Sowers v. State,* (1981) Ind. App., 416 N.E.2d 466, 469.

In light of the facts disclosed in the record that Petitioner knew where to obtain the drug quickly, that he knew the price of the drug, that he was familiar with drug terminology, that he was ready and willing to participate in the drug sale, and that he presented the officers with .021 grams of phencyclidine, a sufficient showing of predisposition was made to overcome a *prima facie* showing of entrapment. *Martinez v. State,* (1983) Ind., 451 N.E.2d 39; *Marts v. State,* (1982) Ind., 432 N.E.2d 18, 22–23; *Grimm v. State,* (1978) 268 Ind. 145, 148, 374 N.E.2d 501, 503. *See Stewart v. State,* (1979) 271 Ind. 169, 390 N.E.2d 1018, 1021.

Petitioner failed to carry his burden of proof on this issue.

### ISSUE II

At the guilty plea hearing the Petitioner testified that he had been treated for a mental illness during his childhood when he was ten (10) or eleven (11) years old. His testimony further disclosed that he was subject to "bad nerves" and that he had a problem with alcohol. This testimony, Petitioner claims, should have put the court on notice that he was not competent to enter a guilty plea and should have precipitated an inquiry *sua sponte* into Petitioner's competency to plead guilty.

Ind.Code § 35–5–3.1–1 (Burns 1979) provides that when the court, either from its own knowledge or upon the suggestion of any person, has reasonable grounds to believe that the defendant does not have sufficient comprehension to understand the proceedings or to make his defense, it shall immediately hold a hearing to determine whether the defendant has that ability. "The test of competence to stand trial is whether defendant has 'sufficient present ability to consult his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as a factual understanding of the proceedings against him.'" *Johnson v. State,* (1974) 262 Ind. 516, 520, 319 N.E.2d 126, 128; *Dusky v. United States,* (1960) 362 U.S. 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824, 825. The record disclosed that the judge informed Petitioner that before the court could accept his guilty plea, it must be satisfied that he fully un-

derstood his rights, that the plea was made freely and voluntarily, and that he was, in fact, guilty. Petitioner was represented by counsel at the guilty plea hearing and presented detailed and coherent information. He testified that his treatment for mental illness had continued for one year and that treatment had occurred eight (8) or ten (10) years earlier. He further testified that he had not been treated for mental illness since that time. When he was asked if he was under the influence of alcohol or drugs, he responded that he was not. Throughout the proceedings, Petitioner provided more than "yes" or "no" answers to the questions that he was asked. In particular, he presented a detailed account of the events which had led to his being charged. During the post conviction proceeding, however, he claimed that he had been high on drugs when he stood before the court to plead guilty. Nevertheless, all indications from the record of the guilty plea hearing were that his plea was entered knowingly and intelligently.

Even if the court had been aware that Petitioner had been using drugs on the day of the guilty plea hearing, that, standing alone, would not have mandated a competency hearing to be held. *Cushman v. State,* (1978) 269 Ind. 68, 70, 378 N.E.2d 643, 644.

It cannot be said that the evidence adduced at the post conviction hearing was without conflict and led but to one conclusion, i.e. that sufficient indicators of Petitioner's incompetence had been present to require the trial judge to proceed under the competency hearing statute before entertaining the guilty plea. Petitioner failed to carry his burden of proof on this issue.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.