William C. CHRISTIE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 20A03–8811–CR–354.

Court of Appeals of Indiana,
Third District.

April 10, 1989.

Thomas A. Murto, Murto & Holbrook, Goshen, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant William C. Christie appeals guilty plea convictions and sentences entered for neglect of a dependent, a Class B felony, and battery resulting in

serious bodily harm, a Class C felony. The trial court sentenced Christie to 10 years for neglect and 5 years for battery. The terms to be served consecutively.

The facts indicate that Christie entered a voluntary and intelligent guilty plea to the neglect and battery of his 4–week–old daughter. The following colloquy at the guilty plea hearing demonstrates some of Christie's actions:

"Q You did put a lighted cigarette in your child's mouth?

A Yeah.

Q You did beat the child?

A Yeah.

Q You hit the child with your hand?

A Yeah.

Q And you did put a cigarette up the child's rectum?

A Yeah.

\*    \*    \*    \*    \*    \*

Q And it occurred over a period of time, it did not occur just one day; is that correct?

A Yeah.

Q During the month of July and August, 1987?

A Yeah.

Q When was the child born?

A 7th day of July, 6th or the 7th.

Q Okay. So it happened between the time the child was born and August 7th, 1988?

A Yeah."

Christie dumped an ashtray with burning cigarettes into the baby's face. He covered the baby's mouth until she turned blue and passed out. He slapped and beat the child on several occasions. He threw the baby off a bed onto the floor. A physical examination of the baby showed bruises, blisters, and burns. Two cigarettes had passed through the baby's bowels.

■ Christie brought this appeal by filing a motion to correct errors with the trial court. The proper method for challenging a guilty plea is by petition for post-conviction relief. Ind.Rules of Procedure, Post–Conviction Rule 1. Christie's motion to correct errors shall be construed as a petition for post-conviction relief.

Christie contends that the convictions and sentences for neglect and battery constituted double jeopardy. Article 1 § 14 of the Indiana Constitution forbids putting a person in jeopardy twice for the same offense. The double jeopardy clause of the Fifth Amendment of the federal constitution is enforceable against the states through the Fourteenth Amendment. *Benton v. Maryland* (1968), 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707. The double jeopardy prohibition protects against multiple punishment for the same offense. *North Carolina v. Pearce* (1969) 395 U.S. 711, 717, 89 S.Ct. 2072, 2076–77, 23 L.Ed.2d 656.

■ Two offenses are the same for the purposes of double jeopardy when the same act constitutes a violation of two distinct statutory provisions which do not require proof of an additional fact. *Blockburger v. United States* (1932) 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306.

Neglect of a dependent, a Class B felony at IND.CODE § 35–46–1–4 (1988 Ed.), reads as follows:

"(a) A person having the care of a dependent, whether assumed voluntarily or because of a legal obligation, who knowingly or intentionally:

(1) Places the dependent in a situation that may endanger his life or health;

(2) Abandons or cruelly confines the dependent;

(3) Deprives the dependent of necessary support; or

(4) Deprives the dependent of education as required by law;

commits neglect of a dependent, a class D felony. However, except for a violation of clause (4), the offense is a class B felony if it results in serious bodily injury."

Battery resulting in serious bodily harm, a Class C felony at IND.CODE § 35–42–2–1 (1988 Ed.), reads as follows:

"A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a

Class B misdemeanor. However, the offense is:

\* \* \* \* \* \*

(3) A Class C felony if it results in serious bodily injury to any other person ..."

██ A double jeopardy analysis does not end with an evaluation and comparison of the statutory provisions. The factual bases alleged by the State in the information or indictment and upon which the charges are predicated must also be examined. *Tawney v. State* (1982), Ind., 439 N.E.2d 582, 588.

Omitting formal portions, the neglect information read as follows:

"[O]n or about the 6th day of August, 1987, ... WILLIAM C. CHRISTIE, ... who [is a] person having the care of a dependent child, ... did ... knowingly ... place the ... [child] in a situation that endangered the life and health of said child, which said acts then and there resulted in serious bodily injury ... to-wit: burns to the mouth, lips and skin of said child resulting in extreme pain."

Omitting formal portions, the battery information read as follows:

"[O]n or about the 6th day of August, 1987, ... WILLIAM C. CHRISTIE did ... knowingly ... commit the crime of Battery Resulting in Serious Bodily Injury in that ... WILLIAM C. CHRISTIE did beat, touch, strike and burn the ... [child] ... in a rude, insolent and angry manner, ... inflicting serious bodily injury ... to-wit: bruises, contusions, abrasions, and burns, causing extreme pain."

██ A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack. There are exceptions where on the face of the record the court had no power to enter the conviction or impose the sentence. *U.S. v. Broce* (1989) — U.S. ——, 109 S.Ct. 757, 762, 102 L.Ed.2d 927.

██ A defendant can successfully attack a guilty plea based on double jeopardy grounds only if the charges are facially duplicative. A defendant who pleads guilty to two counts with facial allegations of distinct offenses concedes he has committed two separate crimes. *Id.* 109 S.Ct. at 763.

██ In this case, the charging informations are not facially duplicative. The defendant pleaded guilty to informations which on their face describe different criminal actions. The neglect information referred to the situation where Christie endangered the child's life by placing a lighted cigarette in her mouth and rectum. The battery information referred to the strikings and beatings administered by Christie. The cigarette burnings constituting neglect were separate, independent and distinct from the beatings constituting battery.

This case differs from *Howard v. State* (1985), Ind., 481 N.E.2d 1315, where bench trial convictions of neglect and battery were improper on double jeopardy grounds. In *Howard,* a child sustained severe burns after the defendant restrained her in a hot tub of water. The neglect and battery convictions punished the defendant twice for the same single act.

The trial court punished Christie after he knowingly and voluntarily pleaded guilty to informations with facial allegations of two separate, independent and distinct criminal offenses. By pleading guilty to the informations, Christie conceded that he committed two separate crimes. The trial court properly punished Christie for both offenses.

Affirmed.

GARRARD, P.J., and STATON, J., concur.