STATE of Indiana, Appellant (Plaintiff Below),

v.

John WARREN, Appellee (Defendant Below).

No. 22A04–8903–PC–105.

Court of Appeals of Indiana, Fourth District.

Aug. 16, 1989.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, Stanley O. Faith, Pros. Atty., 52nd Judicial Circuit, Office of the Pros. Atty., New Albany, for appellant.

Michael J. McDaniel, McDaniel, Biggs & Ollis, New Albany, for appellee.

CONOVER, Judge.

Appellant–Respondent State of Indiana (State) appeals the post-conviction court's grant of post-conviction relief in favor of Appellee–Petitioner John Warren (Warren).

We reverse.

The police observed John and several others load stolen property into a van owned and operated by Warren, then searched the van and seized 124 grams of marijuana along with stolen property. Warren was charged with four counts of Receiving Stolen Property, one count of Resisting Law Enforcement, and one count of Possession of Marijuana. Warren pled guilty to all charges.

Warren filed a petition for post-conviction relief alleging the marijuana belonged to his sister-in-law, Kathy McCutcheon (McCutcheon). At the post-conviction relief hearing McCutcheon so testified, but said she did not relate that fact to anyone because she did not realize Warren was serving time on the possession charge. Warren testified he believed at the time the police had planted the marijuana in the van. However, at his guilty plea hearing, Warren testified the marijuana was his. The post-conviction court granted Warren's request for relief.

The State appeals.

A guilty plea is an admission or confession of guilt made in court before a judge. *Ford v. State* (1985), Ind., 479 N.E.2d 1307, 1308; *Blankenship v. State* (1984), Ind., 465 N.E.2d 714, 715. It also constitutes the waiver of specific constitutional rights. *Id.; see also McKrill v. State* (1983), Ind., 452 N.E.2d 946, 949 (guilty plea waived petitioner's right to raise entrapment defense before post-conviction court).

In *Stewart v. State* (1988), Ind., 517 N.E.2d 1230, the petitioner claimed a police officer committed perjury in swearing the Affidavit of Probable Cause. The court cited Ind.Rules of Procedure, Post Conviction Rule 1, § 1(a)(4) for the proposition the post-conviction rules permit relief when a petitioner can demonstrate the existence of previously unknown material facts. It then affirmed the post-conviction court's denial of relief because petitioner was aware of the policeman's alleged perjury before the petitioner pled guilty. *Id.* at 1233.

Likewise here. Warren's testimony he believed the police planted the marijuana establishes he knew it did not belong to him when he pled guilty. By failing to raise that fact before the court which accepted his guilty plea, and in fact testifying to the contrary, Warren waived his constitutional right to present evidence before a jury of his peers. His coming forward seven years later with evidence contradicting his prior admission does not change its effect. Warren's guilty plea was made with knowledge the marijuana did not belong to him. Under *Stewart*, post-conviction relief must be denied where petitioner has prior knowledge of exculpatory facts

but does not reveal them to the guilty plea court.

■ Additionally, Warren is not entitled to post-conviction relief because due diligence must be used to discover usable evidence before trial or guilty plea hearing. *Laird v. State* (1979), Ind., 270 Ind. 323, 385 N.E.2d 452, 455; *Ray v. State* (1986), Ind.App., 496 N.E.2d 93, 101. Here, there was no evidence Warren or his attorney made any attempt to discover who put the marijuana into the van, if such was the fact. Instead of relying on his unfounded belief the police planted the marijuana, Warren could have utilized Indiana's various discovery methods. Further, no attempt was made to contact McCutcheon even though Warren knew McCutcheon was a marijuana user and had access to his van. Accordingly, the post-conviction court erred. Warren did not meet his burden of establishing due diligence was used to discover the marijuana belonged to McCutcheon. *Laird; Ray.*

Reversed with instructions to deny the petition for post-conviction relief.

MILLER and STATON, JJ., concur.