**Jeffrey Brian FORD, Appellant–Petitioner Below,**

v.

**STATE of Indiana, Appellee–Respondent Below.**

No. 57A03–9302–PC–35.

Court of Appeals of Indiana, Third District.

Aug. 3, 1993.

Rehearing Denied Sept. 23, 1993.

9. However, Allstate did not supply either us or the trial court with a copy of an Allstate policy as a model.

Charles A. Asher, South Bend, for appellant.

Pamela Carter, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Jodi K. Rowe, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Jeffrey Ford appeals the denial of his petition for post conviction relief subsequent to his plea of guilty to rape and intimidation. He presents four (restated) issues for our review:

   I. Whether the post conviction court properly determined that Ford waived allegations of pre-trial error by pleading guilty.

  II. Whether the post conviction court erroneously failed to hold an evidentiary hearing on Ford's petition for post conviction relief.

 III. Whether the trial court's pre-trial rulings deprived Ford of due process of law, the effective assistance

of counsel, the right of confrontation and the right to enter a knowing and voluntary guilty plea.

 IV. Whether Ford's guilty plea was knowing, voluntary and supported by a sufficient factual basis.

We affirm.

Ford was charged with rape, a class A felony,[1] intimidation, a class C felony,[2] confinement, a class D felony,[3] and theft, a class D felony.[4] His trial commenced on March 7, 1990. On the third day of trial, Ford pled guilty to rape (as a class B felony) and intimidation; the charges of confinement and theft were dismissed.

On August 16, 1991, Ford filed a petition for post conviction relief. Ford asserted that he was entitled to post conviction relief because of the denial of his pre-trial motions, specifically, his February 23, 1990 motion for a continuance and his March 6, 1990 "Motion to Determine the Competency of the Victim." Ford further challenged the sufficiency of the factual basis underlying his guilty plea.

On June 29, 1992, the post conviction court issued Findings of Fact and Conclusions of Law denying Ford's petition for post conviction relief.

Under the rules of post-conviction relief, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5; *St. John v. State* (1988), Ind.App., 529 N.E.2d 371, 374, *trans. denied.* Thus, to succeed on appeal from the denial of his petition, the petitioner must show that the evidence is without conflict and leads only to a conclusion opposite that of the trial court. *Id.*

## I.

### *Pre-trial Motions*

▉ Ford initially challenges the determination of the post conviction court that

1. Ind.Code 35–42–4–1.

2. Ind.Code 35–45–2–1.

3. Ind.Code 35–42–3–3.

4. Ind.Code 35–43–4–2(a).

he waived his right to allege error in the pre-trial rulings of the trial court.

Where a defendant enters a guilty plea, his right to collaterally attack the conviction is limited by the provisions of IND. CODE 35–35–1–4(c) which provides in pertinent part:

"After being sentenced following a plea of guilty, or guilty but mentally ill at the time of the crime, the convicted person may not as a matter of right withdraw the plea. However, upon motion of the convicted person, the court shall vacate the judgment and allow the withdrawal whenever the convicted person proves that withdrawal is necessary to correct a manifest injustice. A motion to vacate judgment and withdraw the plea made under this subsection shall be treated by the court as a petition for post-conviction relief under the Indiana Rules of Procedure for Post-conviction Remedies. For purposes of this section, withdrawal of the plea is necessary to correct a manifest injustice whenever:

(1) the convicted person was denied the effective assistance of counsel;

(2) the plea was not entered or ratified by the convicted person;

(3) the plea was not knowingly and voluntarily made;

(4) the prosecuting attorney failed to abide by the terms of a plea agreement; or

(5) the plea and judgment of conviction are void or voidable for any other reason."

Ford's challenge regarding pre-trial rulings did not fall within these statutory parameters.

■ When the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceedings, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If so, as a general rule, the collateral attack is foreclosed. *Christie v. State* (1989), Ind.App., 536 N.E.2d 531, 533. Ford did not allege that counsel inadequately represented him at the guilty plea hearing or at sentencing. Nor did he allege the omission of an advisement rendering his guilty plea involuntary.

Ford's attempt to engage in discovery and present evidence to the post conviction court concerning pre-trial rulings was foreclosed by his decision to plead guilty. *See McKrill v. State* (1983), Ind., 452 N.E.2d 946, 949 (right to raise entrapment defense before post conviction court waived by guilty plea), *Naked City, Inc. v. State* (1984), Ind.App., 460 N.E.2d 151, 156 (a post guilty plea challenge to an evidentiary ruling was foreclosed) and *State v. Warren* (1989), Ind.App., 542 N.E.2d 562, 563 (right to present evidence contradicting petitioner's prior admission foreclosed).

The post conviction court did not err in determining that Ford had waived the right to challenge the pre-trial rulings of the trial court issued prior to Ford's admission of guilt.

## II.

### *Hearing*

■ Next, Ford contends that the post conviction court erred in issuing its findings and conclusions without first holding an evidentiary hearing.

■ A post conviction court is required to hold an evidentiary hearing only when an issue of material fact is presented by the post conviction petition. *Robinson v. State* (1986), Ind., 493 N.E.2d 765, 767. When the post conviction pleadings conclusively show that the petitioner is not entitled to relief, the court may deny the petition without further proceedings. Ind. Post Conviction Rule 1(4)(f); *Harrison v. State* (1992), Ind.App., 585 N.E.2d 662, 666, *trans. denied.*

Ford's petition primarily attempted to challenge the pre-trial rulings of the trial court with respect to a requested continuance and a requested witness competency determination. As discussed in Issue I, *supra,* these contentions have been waived.

■ Additionally, Ford's petition referenced his dissatisfaction with the factual basis for his guilty plea. However, Ford

pled no facts raising a material issue of fact concerning whether a factual basis for his plea existed. To the contrary, he admitted that a factual basis was established:[5]

> "Mr. Ford acknowledged at the time that his pleas were taken that he understood that by pleading guilty he was admitting the truth of the material allegations to those charges. Plea transcript, p. 17, 22. The factual basis, however, was offered through the testimony of Officer Wilson. *Id.,* p. 41 f."

Record, p. 460.

■ Ford also claimed that—during his presentence report interview and his sentencing hearing—he denied raping or confining the victim (S.B.). However, assuming that Ford's statements amounted to a denial of guilt, this allegation does not raise a material issue of fact as to the validity of Ford's guilty plea. A statement of innocence made after the acceptance of a guilty plea does not amount to a protestation of innocence requiring the post conviction court to set aside the guilty plea. *Mayberry v. State* (1989), Ind.App., 542 N.E.2d 1359, 1361, *trans. denied.*[6]

The post conviction court did not err in issuing its findings and conclusions without first holding an evidentiary hearing.

### III.–IV.

#### *Substantive Review of Allegations of Error*

■ Finally, Ford seeks substantive review of the issues framed in his petition for post conviction relief: (1) whether the trial court's pre-trial rulings deprived Ford of due process of law, the effective assistance of counsel, the right of confrontation and the right to enter a knowing and voluntary guilty plea and (2) whether Ford's guilty plea was knowingly and voluntarily entered and supported by a sufficient factual basis.

There exists no post conviction evidentiary record enabling this court to substantively address Ford's allegations. Had Ford raised a material issue of fact in his petition for post conviction relief, the appropriate remedy would be to remand the case to the post conviction court for an evidentiary hearing. However, under the instant circumstances, no evidentiary hearing was required. *See* Issue II, *supra.*

Ford forfeited his right to raise allegations of error with respect to pre-trial rulings when he aborted his trial by pleading guilty. He foreclosed his opportunity to subsequently present evidence contradicting his admission of guilt. *Christie, supra; Warren, supra.* Moreover, Ford made no allegation that he failed to receive an advisement of rights rendering his guilty plea involuntary. Finally, Ford raised no material issue of fact with respect to the factual basis underlying his guilty plea which would entitle him to an evidentiary hearing.

The post conviction court properly denied Ford's petition for post conviction relief.

Affirmed.

GARRARD and SHARPNACK, JJ., concur.

---

5. An adequate factual basis for the acceptance of a guilty plea may be established by the State's presentation of evidence on the elements of the charged offense, *Gibson v. State* (1986), Ind., 490 N.E.2d 297, 298, *reh. denied,* or by the sworn testimony of a defendant regarding the events underlying the charge, *Snowe v. State* (1989), Ind.App., 533 N.E.2d 613, 617. A proper factual basis may also be established where a defendant admits the truth of the allegations contained in an information read in open court or where a defendant indicates that he understands the nature of the crime charged and that his guilty plea constitutes an admission of the charge. *Silvers v. State* (1986), Ind., 499 N.E.2d 249, 253.

6. In contrast, a guilty plea must be set aside where a defendant has pled guilty and maintained his innocence *"at the same time,"* *Trueblood v. State* (1992), Ind., 587 N.E.2d 105, 107, *reh. denied,* or *"in the same breath,"* *Harshman v. State* (1953), 232 Ind. 618, 115 N.E.2d 501, 502.