Thomas NEVILLE, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 40A04–9507–PC–285.

Court of Appeals of Indiana.

March 19, 1996.

Thomas Neville, Tell City, pro se.

Pamela Carter, Attorney General of Indiana, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Petitioner–Appellant Thomas Neville appeals from the denial of his Ind.Post–Conviction Rule 1 Petition for Post–Conviction Relief.

We affirm.

### ISSUES

Neville present three issues for our review:

1. Whether the cocaine that was recovered in a search of his home was within the scope of the search warrant;

2. Whether Neville received effective assistance of trial counsel; and

3. Whether the post-conviction court erred when it summarily dismissed Neville's petition for post-conviction relief.

## FACTS AND PROCEDURAL HISTORY

On March 30, 1993, the Bartholomew County Sheriff's Department executed a search warrant at Neville's home. The warrant was based upon information obtained from a confidential informant. The informant told police that Neville told him that he had obtained an Indiana learner's permit and driver's license after his license had been suspended for life. Neville had obtained the license by using a fraudulent California birth certificate and social security card under the name Tommy D. Neville. Neville showed the informant the false documents. The informant told police that the documents were in Neville's home and also mentioned that he had heard that Neville was involved in drug sales, but gave no specific details. Neville also told the informant that he had been pulled over by the police and his fraudulently-obtained license worked.

The police found that the license number given to them by the informant was registered to Tommy D. Neville. The State Trooper who had issued the ticket to Neville picked him from a photo array.

The police obtained a search warrant which authorized them to search Neville's home for fruits, instrumentalities, and evidence of the crimes of forgery, perjury, driving after being having been adjudged an habitual traffic offender. The warrant specified that the police should search for such items as a California birth certificate, social security cards, receipts pertaining to those documents, and Indiana learners' permits and drivers' licenses in the name of Tommy D. Neville. The warrant did not include any reference to drugs.

When the police approached Neville's home to conduct the search, they saw Neville drive away on a motorcycle. The police attempted to stop him, but he drove into the woods and fled on foot.

Police searched Neville's home for the documents and related evidence. They discovered a lockbox hidden in a bedroom closet. It contained a variety of titles and documents under false names and a bankbook pass. It also contained $15,000.00 in cash. The police found other documents hidden in various places throughout the house.

At the foot of a bed, police found a blue and white Coleman beverage container. Because the container was large enough to hold the documents specified in the search warrant, police opened the container. Inside they found several ounces of cocaine. The officer's suspended the search, contacted the prosecutor's office, and were advised that the cocaine was within the scope of the search warrant.

As a result of the search, Neville was charged with dealing in cocaine, a class A felony, operating a motor vehicle after driving privileges are suspended for life, a class C felony, and operating a motor vehicle while intoxicated, a class D felony. He was also charged with being an habitual offender.

Neville's trial counsel challenged the scope of the search in a written motion and in a suppression hearing, but to no avail. After the hearing, Neville pleaded guilty to dealing in cocaine,[1] a class B felony, and driving while his license was suspended for life,[2] a class C felony. He was sentenced and pursuant to the terms of the plea agreement the State moved to dismiss the remaining charges.

Neville filed a petition for post-conviction relief, which the trial court denied. It is this ruling from which Neville appeals.

## DISCUSSION AND DECISION

### Standard

■ Generally, the petitioner in a post-conviction relief proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence. *Babbs v. State,* 621 N.E.2d 326, 329 (Ind.Ct.App.1993), *trans. denied.* On appeal from a denial of post-conviction relief, we neither reweigh the

---

1. *See* IND.CODE 35–48–4–1(a) (1995 Supp.).

2. *See* I.C. 9–30–10–17 (1993).

evidence nor judge witness credibility. *Joseph v. State*, 603 N.E.2d 873, 876 (Ind.Ct. App.1992). To succeed on appeal, the petitioner must show that the evidence is without conflict and leads only to a conclusion opposite that of the trial court. *Ford v. State*, 618 N.E.2d 36, 37 (Ind.Ct.App.1993), *reh'g denied, trans. denied.*

## I.

■ Neville initially contends that the seizure of the cocaine and currency violated the proscription against unreasonable search and seizure. He argues that the police officers "expected to find cocaine and currency in [his] residence, yet ... deliberately withheld this information and the search warrant did not list these items." Appellant's Brief at 15. However, Neville has waived his right to challenge the scope of the search after pleading guilty to dealing in cocaine.

When a defendant enters a guilty plea, his right to collaterally attack the conviction is limited by the provisions of I.C. 35–35–1–4(c) which provides that after sentencing following a guilty plea, a defendant may file a motion to withdraw the plea which is treated as a petition for post-conviction relief. The trial court shall vacate the judgment and allow the plea to be withdrawn whenever the defendant proves that withdrawal is necessary to correct a manifest injustice. I.C. 35–35–1–4(c). Withdrawal of a guilty plea is appropriate whenever a defendant is denied the effective assistance of counsel, the plea was not entered or ratified by the defendant, the plea was not knowingly and voluntarily made, the prosecuting attorney failed to abide by the terms of the plea agreement, or the plea and judgment of conviction are void or voidable. *Id.* Neville's challenge to the pre-trial ruling which found the search of his residence and seizure of cocaine reasonable does not fall within these statutory parameters.

■ "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of ·guilt and a lawful sentence." *Christie v. State*, 536 N.E.2d 531, 533 (Ind.Ct.App.1989). When a judgment of conviction upon a guilty plea has become final and the defendant seeks to reopen the proceedings, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. *Ford,* 618 N.E.2d at 37. Neville's challenge to the scope of the search of his house does not fall into these categories.

By pleading guilty to the charging information, Neville conceded that he committed the crimes and waived his right to challenge the pre-trial rulings of the trial court. *Christie,* 536 N.E.2d at 533; *Ford,* 618 N.E.2d at 38. His post-conviction challenge of the trial court's preliminary decision regarding the scope of the search is thus foreclosed by the decision to plead guilty. *Id.;* see *McKrill v. State,* 452 N.E.2d 946, 949 (Ind.1983) (right to raise entrapment defense before post conviction court waived by guilty plea); *Naked City, Inc. v. State,* 460 N.E.2d 151, 156 (Ind.Ct.App.1984) (post guilty plea challenge to an evidentiary ruling was foreclosed); *State v. Warren,* 542 N.E.2d 562, 563 (Ind.Ct.App.1989) (right to present evidence contradicting petitioner's prior admission foreclosed).

■ Notwithstanding waiver, Neville has not shown that the evidence is without conflict and leads only to a conclusion that the scope of the search of his residence was unreasonable. The record supports the conclusion that the cocaine was unexpectedly recovered during a lawful search pursuant to a warrant.

■ Items not described in a search warrant may be seized if they are found and seized under the plain view doctrine or if the items could have been found and seized in a search incident to an arrest. *Wilson v. State,* 606 N.E.2d 1314, 1319 (Ind.Ct.App. 1993). The plain view doctrine provides that an officer may lawfully seize an item in a place where he can view the item, the item is in plain view, and it is apparent to the officer that the item is evidence of a crime. *Id.* Further, police may seize contraband discovered pursuant to a valid search warrant. *United States v. Freeman,* 532 F.2d 1098, 1100 (7th Cir.1976).

In the present case, the police were in Neville's bedroom pursuant to a valid search

warrant. The police were authorized to search for fraudulent documents in any place where such documents could be located. The officers found documents secreted in various places around Neville's house. The Coleman container had a wide opening and Police Officer Todd Downs testified that documents could have been found in this container. *See* (R. at 115). Once opened, the officer recognized the substance in the container as cocaine. This evidence supports the trial court's determination, and Neville has not shown that the seizure of the cocaine was unreasonable.

 Neville also complains that the $15,000.00 seized by the police was unreasonable. The cash was found in a lockbox along with documents and automobile titles bearing false names. The warrant specifically sought to recover evidence and fruits of the crimes of forgery and perjury. The cash was in plain view of the police when they recovered the documents and titles, and thus fell within the scope of the warrant.[3]

## II.

Neville next contends that his counsel was ineffective. He "concedes that his defense counsel did attack the legality of the seizure of the cocaine at bar in a pre-trial proceeding arguing that the cocaine was not in plain view and was therefore, seized unlawfully. However, counsel did not argue that [police] had prior knowledge that [Neville] was a suspected cocaine dealer, yet failed to mention that he expected to find cocaine in [Neville's] residence in his probable cause affidavit and that the search warrant did not list cocaine or currency as a result of Deputy Downs intentional omissions." Appellant's Brief at 21.

 When reviewing a claim of ineffective assistance of counsel, we initially presume that counsel's representation was within the wide range of reasonable professional assistance. *Geans v. State,* 623 N.E.2d 435, 437 (Ind.Ct.App.1993). To determine whether a defendant has received ineffective assis-

tance, we ascertain whether counsel's representation fell below professional norms and whether the substandard performance was so prejudicial that he was deprived of a fair trial. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh'g denied; Hilliard v. State,* 609 N.E.2d 1167, 1169 (Ind.Ct.App.1993). We look to the totality of the evidence to determine whether the defendant was prejudiced, and ask if there is a reasonable probability that the outcome would have been different, but for counsel's errors. *Id.*

 Apart from our standard for ineffective assistance of counsel, the record before us contradicts Neville's assertions. Neville's trial counsel challenged the scope of the search in a written motion and in a suppression hearing. She argued that the seized cocaine should have been suppressed because the warrant did not specifically name drugs. She also argued that the cocaine was not within the purview of the plain view exception to the warrant requirement. At the hearing on the motion to suppress, counsel introduced the deposition of two police officers who participated in the search of Neville's home. She argued that one of the officers had information linking Neville to drug activity but that the information had been omitted from the search warrant. In addition, she cross-examined the officer regarding a conversation he had with narcotics officers several days prior to the search.

Although Neville complains that his counsel failed to adequately investigate and argue his claim of unreasonable search and seizure, he presents no evidence to support this allegation and the record before us supports the decision of the post-conviction court. We see no error here.

## III.

Finally, Neville raises a number of issues through an Appendix for Petitioner/Appellant. Neville has petitioned this court twice, pursuant to Ind.Appellate Rule 8.4(A), to

---

**3.** Neville argues that application of the plain view doctrine requires that the evidence be discovered inadvertently; however, as the State correctly notes, inadvertence is no longer an indis-

pensable element of the plain view doctrine. *Wood v. State,* 592 N.E.2d 740, 742–42 (Ind.Ct. App.1992).

amend his brief. We hereby grant Neville's Motion to Amend Brief of the Appellant and deny the State's Motion to Strike Appendix Contained in the Brief of the Appellant. The amended portion of his argument, found in the appendix to his appellate brief, contains the several issues which we now address.

Neville contends that the post-conviction court erred in dismissing his petition without referring it to the Indiana Public Defender's Office.

■ The right to counsel in post-conviction proceedings is guaranteed by neither the sixth amendment of the United States Constitution nor Article 1, Sec. 13 of the Indiana Constitution. *Baum v. State,* 533 N.E.2d 1200, 1201 (Ind.1989); *Curry v. State,* 643 N.E.2d 963, 982 (Ind.Ct.App.1994), *reh'g denied, trans. denied.*. The Post–Conviction Rules do give an indigent post-conviction petitioner the option of filing an affidavit of indigency and thereby obtain the assistance of a public defender, or of proceeding pro se. P.–C.R. 1, Sec. 9(a); *Howard v. State,* 576 N.E.2d 1253, 1254 (Ind.1991), *reh'g denied.* Further, the Appendix to Rule 1 states:

> In order for this motion to receive consideration by the court, ... it shall set forth in concise form the answers to each applicable question.... If the motion is taken in forma pauperis, it shall include an affidavit (attached to the back of the form) setting forth information which he establishes the petitioner will be unable to pay costs of the proceedings.

■ Neville did not attach an affidavit of indigency to his petition for post-conviction relief. In his petition, he also ignores questions # 17 and 18 of the form found in the appendix to the rule, which questions seek to determine whether a petitioner has retained an attorney, has sufficient funds to retain an attorney, wish to have a public defender represent the petitioner, and has attached an affidavit of indigency to the form. Because of the mandatory language of the post-conviction rules regarding the affidavit of indigency and Neville's failure to follow the questions and guidelines found the appendix to the post-conviction rules, we cannot say that the post-conviction court erred in not forwarding Neville's petition to the Public De-

fenders. *Carter v. State,* 560 N.E.2d 687, 689 (Ind.Ct.App.1990), *trans. denied* (At the post-conviction relief stage, the petitioner must assert his statutory right to counsel either by obtaining his own counsel or by submitting his petition for relief along with an affidavit of indigency.).

■ Neville next contends that the post-conviction court erred in failing to conduct an evidentiary hearing. However, when post-conviction pleadings conclusively show that a petitioner is not entitled to relief, the court may deny the petition without further proceedings. *Clay v. State,* 533 N.E.2d 1270, 1272, *reh'g denied, trans. denied* (Ind.Ct.App.1989). In the present case, the post-conviction pleadings demonstrate that Neville is not entitled to relief based on the issues he raise in his petition, thus the trial court did not err in failing to hold an evidentiary hearing.

■ Neville raises the issue of the post-conviction court's failure to include specific findings of fact and conclusions of law in its order denying post-conviction relief. While P.–C.R. 1, Sec. 6 provides "[t]he court shall make specific findings of fact, and conclusions of law on all issues presented," when the issues are sufficiently presented for review and addressed by the parties, the failure to enter specific findings of fact and conclusions of law is not reversible error. *Herman v. State,* 526 N.E.2d 1183, 1184 (Ind. 1988); *Lowe v. State* (1983), Ind., 455 N.E.2d 1126. In the present case, the issues are adequately addressed by the parties and thus, we find no error here. *See also Morlan v. State,* 499 N.E.2d 1084, 1086 (Ind.1986) (When the claims raised by petitioner do not entitle him to relief, he has not been harmed by the trial court's failure to enter specific findings and conclusions.).

Lastly, Neville contends that the post-conviction court erred in dismissing his petition when genuine issues of material facts remained. However, he fails to offer either cogent argument or citation to authority in support of this claim and has thus, waived review of this allegation of error.

## CONCLUSION

Neville has not shown that the evidence is without conflict and leads only to a conclusion opposite that of the post-conviction court and thus, we affirm the order denying Neville post-conviction relief.

Judgment affirmed.

DARDEN and GARRARD, JJ., concur.