**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 31 2013, 9:05 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**KEITH A. HARLOW**
Westville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSPEH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEITH A. HARLOW, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 06A01-1206-PC-296 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BOONE CIRCUIT COURT
The Honorable Matthew C. Kincaid, Special Judge
Cause No. 06C01-1112-PC-412

**January 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Keith Harlow appeals the denial of his petition for post-conviction relief. Harlow presents multiple issues for our review, which we consolidate and restate as:

1.      Whether Harlow's trial counsel rendered ineffective assistance; and

2.      Whether the trial court violated Harlow's due process rights in allowing the State to proceed on various pre-trial motions and procedures.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On May 28, 2008, the State charged Harlow with Class B felony criminal confinement,[1] Class C felony battery by means of a deadly weapon,[2] Class B felony burglary,[3] Class D felony theft,[4] Class D felony domestic battery,[5] and Class A misdemeanor interference with the reporting of a crime.[6] On October 7, 2009, Harlow agreed to plead guilty to Class B felony burglary and Class D felony domestic battery. The trial court took the plea under advisement, ordered a Presentence Investigation Report, and set a sentencing hearing for January 11, 2010.

Harlow did not appear, and the court issued a bench warrant for his arrest. The State rescinded the plea agreement on February 26. Harlow was arrested on the bench warrant on August 2. On December 8, the State requested permission to file a belated habitual offender

---

[1] Ind. Code § 35-42-3-3(b).
[2] Ind. Code § 35-42-2-1(a)(3).
[3] Ind. Code § 35-43-2-1(1).
[4] Ind. Code § 35-43-4-2(a).
[5] Ind. Code § 35-42-2-1.3(b).
[6] Ind. Code § 35-45-2-5.

enhancement.[7]

On January 18, 2011, Harlow agreed to plead guilty to Class B felony burglary, Class D felony domestic battery, and the habitual offender enhancement. On March 8, the trial court sentenced Harlow to twelve years for Class B felony burglary, and three years for Class D felony domestic battery, to be served consecutively for an aggregate sentence of fifteen years, with ten years incarcerated and five years on probation. The trial court ordered those sentences served concurrent with a ten year habitual offender enhancement. Harlow did not pursue a direct appeal.

On December 12, 2011, Harlow, filed a *pro se* petition for post-conviction relief and a memorandum in support. On May 22, 2012, the post-conviction court held an evidentiary hearing and then took the matter under advisement. On June 15, the post-conviction court entered findings of fact and conclusions of law denying Harlow's request for post-conviction relief.

## DISCUSSION AND DECISION

Post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind. 2002). As post-conviction proceedings are civil in nature, the petitioner must prove his grounds for relief by a preponderance of the evidence. *Id*. A party appealing a negative post-conviction judgment must establish that the evidence is without conflict and, as a whole, unmistakably and unerringly points to a conclusion contrary to that

---

[7] Ind. Code § 35-50-2-8.

reached by the post-conviction court. *Id.* Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we do not defer to the court's legal conclusions, but "the findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made." *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000), *cert denied*, 530 U.S. 830 (2001) (citation omitted).

We also note Harlow appears *pro se*. *Pro se* litigants are held to the same standards as licensed attorneys and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004).

1.  Ineffective Assistance of Trial Counsel

Generally, when claiming ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness and there exists a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984), *reh'g denied*. When a defendant has pled guilty, the remaining ineffective assistance of trial counsel claims fall into two categories. *Segura v. State*, 749 N.E.2d 496, 502-504 (Ind. 2001). The first is where counsel's error affected a possible defense – i.e., "those that overlook a defense, fail to develop available evidence for a defense, or impair a defense by inadequate legal analysis." *Id.* at 502. The second occurs when the defendant's lawyer incorrectly advises the defendant as to penal consequences. *Id.* at 504.

Thus, to prevail on a claim of ineffective assistance of counsel based on counsel's

4

failure to advise him of an issue, which failure impairs or overlooks a defense, Harlow must demonstrate that there is a reasonable probability a more favorable result would have been obtained if the case had gone to trial. In addition, Harlow must present specific facts regarding the penal consequences facing him that "establish an objective reasonable probability that competent representation would have caused the petitioner not to enter a plea." *Id*. Merely alleging he would not have entered the plea, without presenting specific facts supporting one of the two types of ineffective assistance of counsel, is insufficient. *Id*.

Harlow argues his trial counsel, Michael Gross, was ineffective because he did not notice an alleged discrepancy between the probable cause affidavit and Harlow's charging information and because Gross did not object to the State's request to file a belated allegation that Harlow was an habitual offender. Harlow makes no argument regarding the factors set forth in *Segura*.

During the post-conviction hearing, Harlow's trial counsel testified he was not aware the probable cause affidavit and the charging information were incongruent and he was under the impression the trial court had granted the State's motion to file an habitual offender enhancement. Counsel testified he had explained "everything good, bad or indifferent" (Tr. at 7), regarding Harlow's plea negotiations to Harlow throughout the process, that Harlow understood the State added an habitual offender charge, and that Harlow understood the charges to which he was pleading guilty and what type of sentence would result. Counsel noted he would have been unsuccessful if he had objected to the State's belated filing of the habitual offender allegation because, pursuant to statute, the trial court had discretion to

5

allow the State to amend.

Harlow has not demonstrated Gross performed so deficiently that Harlow would have fared better had he gone to trial. Harlow agreed to plead guilty to two of the six counts against him, the State agreed not to file felony charges for Harlow's failure to appear, and Harlow's sentence was capped at fourteen years despite his lengthy criminal history. In addition, the trial court ordered Harlow's sentence for the habitual offender finding to be served concurrent with his other sentences and thus the finding added no additional penal consequence. Based on the factors set forth in *Segura*, Harlow has not shown his trial counsel was ineffective.

## 2. Due Process Arguments

Harlow asserts his due process rights were violated in three ways, as set forth in his Statement of the Issues:

> 1.) Whether the Appellant's due process rights were violated by sentencing him under the Belated Habitual Offender Information without an order of the Court permitting the State to proceed, or being arraigned.
> 2.) Whether the Appellant's substantial rights of due process were violated by State's untimely filing of the Habitual Offender Information.
> 3.) Whether the Appellant was convicted of a charge of Burglary as a class B felony not supported by a probable cause affidavit by changing the identity of the charge listed in the probable cause affidavit, a charge not properly made.

(Br. of Appellant at i.)

When a defendant enters a guilty plea, his right to collaterally attack the resulting conviction is limited by the provisions of Ind. Code § 35-35-1-4(c), which provides in relevant part:

> (c) After being sentenced following a plea of guilty, or guilty but mentally ill at

6

the time of the crime, the convicted person may not as a matter of right withdraw the plea.  However, upon motion of the convicted person, the court shall vacate the judgment and allow the withdrawal whenever the convicted person proves that withdrawal is necessary to correct a manifest injustice.  A motion to vacate judgment and withdraw the plea made under this subsection shall be treated by the court as a petition for postconviction relief under the Indiana Rules of Procedure for Postconviction Remedies.  For purposes of this section, withdrawal of the plea is necessary to correct a manifest injustice whenever:

> (1) the convicted person was denied the effective assistance of counsel;
> (2) the plea was not entered or ratified by the convicted person;
> (3) the plea was not knowingly and voluntarily made;
> (4) the prosecuting attorney failed to abide by the terms of a plea agreement; or
> (5) the plea and judgment of conviction are void or voidable for any other reason.

We have already determined Harlow has not demonstrated his trial counsel was ineffective. When attempting to attack on post-conviction a portion of the trial proceedings not related to the guilty plea, the defendant must provide evidence his guilty plea was either not counseled or involuntary. *Ford v. State*, 618 N.E.2d 36, 38 (Ind. Ct. App. 1993), *reh'g denied*.  Harlow has argued neither, and therefore his collateral attack on his conviction based on allegations of pre-trial errors is foreclosed. *Id*.  Accordingly, we hold the trial court did not err when it denied Harlow's request for post-conviction relief based on allegations of pre-trial error.

## CONCLUSION

Harlow did not demonstrate his counsel was ineffective, and he waived his allegations of pre-trial error by pleading guilty.  Accordingly, we affirm the denial of his petition for post-conviction relief.

Affirmed.

ROBB, C.J., and PYLE, J., concur.