**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 30 2013, 5:25 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**WILLIAM TEMPLE**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM TEMPLE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1210-PC-895 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marc T. Rothenberg, Judge
Cause No. 49F09-1110-PC-74175

**August 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

William Temple ("Temple") appeals pro se from the post-conviction court's order denying his petition for post-conviction relief, which sought to set aside his guilty plea to Class D felony failure to register as a sex offender[1] and to being an habitual offender.[2]

We affirm.

ISSUE

Whether the post-conviction court erred by denying Temple's petition for post-conviction relief.

FACTS

In October 2011, the State charged Temple, who was on parole from a child molesting conviction, with two counts of Class D felony failure to register as a sex offender.[3] The State later alleged that Temple was an habitual offender based on his 1983 conviction for Class A felony child molesting and his 2006 conviction for Class C felony child molesting.

In February 2012, Temple pled guilty, pursuant to a written plea agreement, to one count of Class D felony failure to register as a sex offender[4] and to the habitual offender allegation. In exchange, the State agreed to dismiss the other failure to register as a sex offender charge. The parties also agreed to a fixed sentence calling for Temple to be

---

[1] Ind. Code § 11-8-8-17(a)(3).

[2] I.C. § 35-50-2-8.

[3] Count 1 alleged that Temple failed to timely update the registry, and Count 2 alleged that he made a material misstatement or omission while registering as a sex offender.

[4] Temple pled guilty to Count 2 relating to making a material misstatement or omission.

2

sentenced to 180 days executed on the failure to register as a sex offender conviction enhanced by 545 days for the habitual offender determination. The trial court accepted Temple's plea and, in accordance with the plea agreement, imposed an aggregate sentence of 725 days executed in the Department of Correction.

In April 2012, Temple filed a pro se petition for post-conviction relief. In his petition, Temple alleged that his guilty plea was not voluntary or intelligently entered. He also made allegations appearing to challenge the lawfulness of his arrest—alleging that the police officer asked him an incriminating question without advising him of his *Miranda* rights—as well as the probable cause for his charges.

The post-conviction court held a post-conviction hearing on August 15, 2012. Temple did not present any witnesses or evidence.[5] Pursuant to the State's request, the post-conviction court took judicial notice of the court's file and records in the matter.

Thereafter, the post-conviction court issued an order denying post-conviction relief to Temple. The post-conviction court concluded that Temple—who did not present any evidence at the post-conviction hearing to support his claim—had failed to prove his claim by a preponderance of the evidence. Thereafter, Temple filed a motion to correct error, which the post-conviction court denied. Temple now appeals.

### DECISION

Temple appeals from the post-conviction court's order denying post-conviction relief. Our standard of review in post-conviction proceedings is well settled.

---

[5] We do not have a transcript from the post-conviction hearing because Temple did not request transcription of this hearing in his notice of appeal. However, the chronological case summary ("CCS") and the post-conviction court's order indicate that Temple did not present any evidence during the post-conviction hearing.

3

> We observe that post-conviction proceedings do not grant a petitioner a "super-appeal" but are limited to those issues available under the Indiana Post-Conviction Rules. Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5). A petitioner who appeals the denial of PCR faces a rigorous standard of review, as the reviewing court may consider only the evidence and the reasonable inferences supporting the judgment of the post-conviction court. The appellate court must accept the post-conviction court's findings of fact and may reverse only if the findings are clearly erroneous. If a PCR petitioner was denied relief, he or she must show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court.

*Shepherd v. State*, 924 N.E.2d 1274, 1280 (Ind. Ct. App. 2010) (internal citations omitted), *trans. denied.*

During the post-conviction hearing, Temple presented absolutely no evidence or testimony to support his claim that his plea was not voluntary or intelligently entered. While the post-conviction court took judicial notice of the court's file and records in the matter, Temple has failed to show how the court's records offer any support for his claim that his guilty plea was not voluntary. Indeed, on appeal, Temple does not even argue that his plea was not voluntary or intelligently entered. Instead, he merely alleges that the post-conviction court erred by determining that he had failed to meet his burden and by denying his post-conviction petition. Additionally, he appears to raise independent challenges regarding his arrest, statements made to his arresting officer, and the probable cause to support his charges.[6]

---

[6] To the extent Temple is attempting to raise freestanding claims regarding his arrest and probable cause, he has waived such claims by pleading guilty. *See Alvey v. State*, 911 N.E.2d 1248, 1249 (Ind. 2009) (explaining that "[w]hen a judgment of conviction upon a guilty plea becomes final and the defendant seeks to reopen the proceedings, the inquiry is normally confined to whether the underlying plea was both counseled and voluntary); *Branham v. State*, 813 N.E.2d 809, 812 (Ind. Ct. App. 2004) (holding that a

4

Temple had the burden to establish that he was entitled to post-conviction relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5). Temple suggests that he should be excused from this burden because he "is not a legal scholar." (Temple's Br. 13). However, "[p]ro se litigants without legal training are held to the same standard as trained counsel and are required to follow procedural rules." *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Because Temple failed to present evidence to support or establish his post-conviction claim, we affirm the post-conviction court's denial of his petition for post-conviction relief. *See, e.g.*, *id.* (holding that the post-conviction court did not err by denying petition for post-conviction relief where petitioner failed to present any evidence in support of his claims), *trans. denied*.

Affirmed.

KIRSCH, J., and VAIDIK, J., concur.

---

defendant cannot question pre-trial orders following the entry of a guilty plea); *Neville v. State*, 663 N.E.2d 169, 172 (Ind. Ct. App. 1996) (holding that a petitioner's post-conviction challenge to the trial court's ruling on a motion to suppress was "foreclosed by the decision to plead guilty").